## SIMPSON *vs.* TALBOT.

25 469
114 114

1. A person who kills an estray within twelve months after the straying, and appropriates it to his own use, is liable to the penalty given by the statute (Clay's Digest, p. 550, § 5) against "any person who shall take up or use an estray contrary to the meaning of the act."

2. When time is laid under a *videlicet*, the pleader is not required to prove it as alleged ; and therefore, when the time of killing an estray is thus laid, although the time specified is within twelve months after the alleged straying, it is not a sufficient averment that it was within the twelve months.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN GILL SHORTER.

WATTS, JUDGE & JACKSON, for the appellant.
BELSER & RICE, *contra.*

GOLDTHWAITE, J.—This action was brought by the appellant against the appellee to recover the penalty of one hundred dollars, under the statute relating to estrays (Clay's

Dig., 550, § 5). The animal strayed was a cow; and the first count in the declaration avers that the defendant, within twelve months after the straying, killed and appropriated the estray to his own use. The second count avers the straying to have been on the 5th of March, 1851, and that the defendant "*heretofore, to-wit, on the 15th day of October*, 1851," procured the killing, &c., but contains no direct allegation that the estray was killed within twelve months after the appraisement or straying. Each count of the declaration was demurred to ; and the only question here arises upon the action of the court below in sustaining the demurrers.

The fifth section of the stray law (Clay's Dig., 550) gives the penalty sued for against any "person who shall take up or use an estray contrary to the meaning of the act," and must be held to include any kind of use or disposition which would defeat the general objects of the statute. One of the principal objects was, to secure the rights of the owner by preventing any use or disposition being made of his property, which would prevent his proving and reclaiming it within a year; which is especially provided for in section eleven (Clay's Dig., 551), by section four (*ib.* 550), which gives a penalty against any person who shall take the property out of the State, or trade, or sell the same, under twelve months; and by section six, which declares that the owner is not to be divested of his property until within twelve months after the appraisement. Any use or disposition of the property which defeats the rights of the owner in this respect, is contrary to the meaning of the act, and directly within the object and intention of the fifth section. The court, therefore, erred in sustaining the demurrer to the first count.

The second count was bad, for the reason that it does not appear with certainty that the killing was within twelve months after the appraisement. It is true, it is alleged that the straying was on the 5th of March,, 1851, and that the killing was on the 15th of October, of that year; but the time of killing is laid under a *videlicet*, the object of which is, to inform the other party that the pleader does not intend to rely on the time as alleged, for the true time.—Green. Ev., 60 ; Howard v. Ingersoll, 23 Ala. 673. If there was an averment that the killing was within the year, its being laid

under a *videlicet* would be of no importance, as it would be controlled by the material allegation ; but there is no such averment, and if the 15th of October is not the true time,— *non constat* but that the killing may have been more than twelve months after the appraisement.

For sustaining the demurrer to the first count, the judgment must be reversed, and the cause remanded.