## Cox v. Knight's Administrator.

*Action on Promissory Note by Payee against Surety.*

1. *Discharge of surety by subsequent agreement with principal.* — In an action on a promissory note, against a maker who signed it only as surety for his co-maker, the defence being that the surety was discharged by a subsequent verbal agreement between the plaintiff and the principal debtor, which materially changed the former contract, it is the province of the jury to determine the terms of such verbal agreement, and the intention of the parties in making it, though there may be no conflict in the evidence.

2. *Charge on effect of evidence.* — Whenever it is necessary to determine the intention of the parties in making a verbal contract, though there may be no conflict in the evidence as to the facts, a general charge on the effect of the evidence is erroneous.

APPEAL from the Circuit Court of Lowndes.

STONE & CLOPTON, for appellant.

WATTS & TROY, *contra.*

B. F. SAFFOLD, J. — The appellee's intestate was the surety of one Reid on a promissory note made by them, payable to the appellant, and due in January, 1862. In the summer or fall of 1865, Reid proposed to the appellant to pay the note with cotton, at seventy cents a pound, the price then being about thirty-five or forty cents. The cotton then in his possession was to be delivered at his gin-house, when ginned and packed, of which the appellant was to have notice. To this proposition the latter agreed, and afterwards he received some cotton, which he sold and appropriated to the payment of the note. But on account of deficiency in the quality and quantity, a balance remained which has not been paid. In May, 1866, the appellant, in reply to an inquiry about the payment of the note, made by the surety through his son, stated that he had agreed with Reid to receive payment in cotton, and he need give himself no uneasiness about it. The suit being on the note, against the administrator of the surety alone, the court charged the jury, by proper request of the defendant, to find for him.

It is a matter of no little difficulty, in a case of this sort, to discriminate between the province of the jury and that of the

court. When a contract is written, the parties choose the language expressive of its terms, and the interpretation must be by the court. But when it is verbal, and detailed by witnesses, it seems that its terms and the intention of the parties ought to be found by the jury, notwithstanding there is no other conflict in the testimony than the uncertainty of the intention arising from the narration. The testimony may be all true, as far as it goes, and it may tend to prove facts consistent with opposite intentions. Here, the surety seeks a discharge because the creditor made a subsequent agreement with the principal debtor, materially affecting the original contract. An agreement or understanding, touching the payment of the debt, was made ; but whether it materially affected the other is extremely uncertain. It may or may not have done so, or have been intended to do so. Either conclusion may be reasonably deduced from the testimony. There was no agreement to prolong the time of payment otherwise than as inseparably contained in a consent to take the cotton, which was not prepared for delivery. The creditor may have merely expressed a willingness to receive cotton in payment, if it should be tendered to him. This is the more probable, as the price fixed was double the market value. A question of intent is for the jury, except in the construction of writings. The jury must find what agreement, if any, was made. *Ewing* v. *Peck*, 26 Ala. 413 : *Wolfe* v. *Parham*, 18 Ala. 441; *Johnson & Wife* v. *Collins*, 20 Ala. 435. The court erred in the charge given.

The judgment is reversed, and the cause remanded.