## WILLIAM BIHLER
### v.
## AMOS GOCKLEY.

1. SLANDER.—In a case of slander it is not necessary that the alleged crime be stated with such precision as would be required in an indictment. If the language may fairly impute the crime, it is sufficient.

2. SAME—DEMURRER.—The court is of opinion that the words in this case while not *prima facie* defamatory, were reasonably susceptible of the meaning attached to them. It was therefore error to sustain the demurrer to the declaration.

ERROR to the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed April 28, 1886.

Plaintiff in error brought an action for slander in the court below. Declaration sets forth as follows :

At the time of the grievances hereinafter mentioned, plaintiff was a person of good repute, etc., and was engaged to be married to one Fredricka Lieb, and belonged to a church known as the Evangelical Association, and was a member of a congregation of said church, of which defendant was, and now is, the pastor, and of which plaintiff was then a trustee. On December 25, 1883, the said Fredricka Lieb, "confiding in plaintiff's honesty and in his affection for her, and perhaps, because she anticipated the affliction which afterward overtook her, and therefore, feared she would thereby become incapable of properly caring for herself and her property, delivered and intrusted to the plaintiff for safe-keeping the sum of forty-three dollars, to her belonging." Within a few days thereafter, the said Fredricka was, after due proceedings had in the County Court of Cook county, Illinois, adjudged an insane person, but not a pauper, and was by said court committed for treatment to the Cook County Insane Asylum. The costs of such proceedings amounting to at least twelve dollars, were paid out of said forty-three dollars.

During said Fredricka's stay at the asylum, plaintiff paid thirty-two dollars for her board; and also paid on her account various other necessary expenses, so that the total of said expenses exceeded forty-three dollars. About 1884 she was discharged from the asylum, and was then taken by defendant to defendant's home, and there continued under defendant's influence. As soon as plaintiff learned of her discharge, he at once sought her out and gave her a full and true statement of the various expenditures by him made for her during her illness, and also restored to her such articles of personal property as had been delivered to his keeping.

She thereupon " expressed herself as fully satisfied with the said expenditures, and did not then claim that plaintiff owed her aught, and did not demand, and has never demanded, of plaintiff any of the money which she had so as aforesaid intrusted to him." Afterward, and after the speaking by the defendant of the words herein charged as slanderous, and in

consequence thereof, there was held among the members of said congregation a trial or investigation, wherein the truth of the charges so by defendant made against the plaintiff, was examined by a committee appointed from the members of said congregation.

After said trial ("at which defendant was present and took an active part against the plaintiff, although his office and duties should have made him a mediator, rather than prosecutor") the committee adjudged and declared said charges to be unfounded in fact, and declared plaintiff innocent.

1st. Additional count: And afterward, to wit, on the day and year aforesaid, in a certain other discourse which the said defendant then and there had of and concerning the plaintiff and of and concerning the matters and things aforesaid, in the presence and hearing of one E. B. Esher, who then and there understood the German language, the defendant spoke and published of and concerning the plaintiff and of and concerning the matters and things aforesaid, the false, scandalous, malicious and defamatory words following in the English language, viz., English translation: "He" (meaning plaintiff) "has cheated her" (meaning said Fredricka Lieb) "out of her money." "He" (meaning plaintiff) "says he paid out twenty-six dollars for her" (meaning said Fredricka) "at the insane asylum, but I" (meaning defendant) "have found out he" (meaning the plaintiff) "only paid twenty dollars." "He" (meaning plaintiff) "let her" (meaning said Fredricka) "remain at the insane asylum four or five weeks after she" (meaning Fredricka) "had recovered." "I" (meaning defendant) "and brother Alberding were there" (meaning at said asylum) "and informed ourselves, and there were only twenty dollars entered there in the book" (meaning the records of said asylum); "and you" (meaning the plaintiff) "say you paid twenty-six dollars." "It is rumored in the congregation that you" (meaning plaintiff) "had cheated the girl" (meaning said Fredricka) "out of her money." "He" (meaning plaintiff) "put her" (meaning said Fredricka) "money in his" (meaning plaintiff) "pocket, and paid it out as he" (meaning plaintiff) "wished, and does not give it back to her" (meaning to said

Bihler v. Gockley.

Fredricka), "and refuses to tell her" (meaning said Fredricka) "for what he" (meaning plaintiff) "has given it out" (meaning that the plaintiff was guilty of the crime of larceny by bailee).

2d.   Additional count: And afterward, to wit, on the day and year aforesaid, in a certain other discourse which the defendant had of and concerning the matters and things aforesaid, in the presence and hearing of E. B. Esher and others, who then and there understood the German language, the defendant spoke and published of and concerning the plaintiff and of and concerning the matters and things aforesaid, the false, scandalous, malicious and defamatory words following in the English language, viz., English translation: "He" (meaning plaintiff) "cheated her" (meaning Fredricka Lieb) "out of her money." "He" (meaning plaintiff) "says he" (meaning plaintiff) "has paid twenty-six dollars for her" (meaning said Fredricka) "at the insane asylum; but I" (meaning defendant) "have found out he" (meaning plaintiff) "has paid only twenty.   The young girl" (meaning said Fredricka) "says she" (meaning Fredricka) "demanded her money, and the young man" (meaning plaintiff) "refused to give it to her" (meaning thereby that plaintiff was guilty of the crime of larceny as bailee).

Mr. WILLIAM RITCHIE, for plaintiff in error.

Messrs. C. H. & C. B. WOOD, for defendant in error.

MORAN, J.   In the view we take of this case we deem it necessary to consider only the propriety of sustaining the demurrer to the two additional counts set forth in full in the statement of facts.

In an action for slander, on demurrer to the declaration, the question for the court is whether the words set out are capable of the meaning ascribed to them.   In determining that question the court is to regard the matter of inducement and colloquium set out in the declaration as true, and if in connection with the circumstances so set out the words charged

are capable of bearing the inuendo, then the demurrer must be overruled, however improbable it may appear that they were in fact so understood. If the words are capable of the meaning ascribed to them, then it must be left to the jury to say upon proof of all the facts, whether such is the true meaning or the sense in which they were understood by those who heard them, and knew the circumstances stated in the inducement. Odgers on Slander, 101; Goodrich v. Hooper, 97 Mass. 5; Taylor v. Short, ————; Hayes v. Mather, 15 Bradwell, 30, and cases cited in opinion of McAllister, P. J.

The language used must be read and interpreted as it would ordinarily be understood, when heard by the person who knew the circumstances set out. In this case the declaration shows that the girl Fredricka had delivered and intrusted to plaintiff her money, that she was incapable of taking care of or paying it out herself, being out of her mind. That after her recovery he accounted with her and she declared herself satisfied. The defamatory words set out in the two counts taken in connection with the inducement seem to us to be capable of the meaning attached to them by the inuendo. The receipt of the money, the false account, the refusal to state how the balance was paid out, the refusal to pay it to the girl on demand, would justify the inference that he converted her money to his own use, and on an indictment it would be a question for the jury whether from proof of such facts the felonious intent necessary to sustain a verdict of guilty of larceny as bailee, could be inferred. It is not necessary that the alleged crime be stated with such precision as would be required in an indictment. If the language may fairly impute the crime, it is sufficient. Proctor v. Owens, 18 Ind. 2 Odger, 121, and cases cited; Chace v. Sherman, 119 Mass. 387.

The words are not *prima facie* defamatory, but being in our opinion reasonably susceptible of the meaning attached to them, it follows that it should be left to the jury to determine whether under all the circumstances the by-standers understood them in such sense. The defendant may deny that the words conveyed the meaning alleged, and the jury will decide on the evidence.

The demurrer to the counts should have been overruled, and for the error in sustaining it the case must be reversed and remanded.

Reversed and remanded.