# Henry v. McNamara.

*Garnishment Suit.*

1. *Garnishment lien; upon what it attaches.*—Under the provisions of the statute (Code of 1886, §§ 2946, 2957), the service of a writ of garment creates a lien in favor of the plaintiff, which attaches to any debt of the garnishee to the defendant owing at the time of the service, or at the time of the answer, or becoming due at any time between the service and the answer or the contest thereof, or due in the future under a contract existing at the time of the service or answer; but such lien does not attach to any debt contracted after the making of the answer, or to any property of the defendant in the hands of the garnishee, the possession of which was thereafter acquired.

2. *Garnishment suit; appeal from judgment before justice of the peace; answer of garnishee.*—On an appeal by a garnishee to the circuit court from a judgment against him by a justice of the peace on a contest of his answer, the case is triable *de novo* on its merits, and while it is his right, it is not necessary for him to make answer anew; yet if he exercises the right and files a new answer, which is a mere repetition of his former answer, denying indebtedness, &c., during the period fixed by the statute, the filing of such new answer does not have the effect of extending the period of inquiry as to indebtedness up to the time of the making of the new answer, except as to such as accrues during said period under an antecedent contract.

3. *Same; same; same.*—If on such appeal the garnishee files a new answer in which, after denying the indebtedness at the times specified in the statute, he goes further and denies that he is indebted to the defendant at the time of the filing of such new answer, the plaintiff then has the right to controvert the truth of the denial and tender an issue averring that the garnishee was indebted to defendant at that time; but while controverting such denial, the plaintiff can not require the garnishee to meet an issue averring the existence of an indebtedness at some time between the making of the two answers, except as such accrued during that period under an antecedent contract, nor any issue, which, if joined in, would authorize proof of an indebtedness contracted after the making of the first answer.

4. *General affirmative charge; when it should not be given.*—The general affirmative charge should never be given when any material fact in the case rests in inference, or when it becomes necessary to determine from the evidence the intention of the parties.

[Henry v. McNamara.]

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

In this cause a garnishment issued from the court of John A. Tardy, a justice of the peace of Mobile county, at Mobile, on February 2d, 1895, and on the 4th day of February, 1895, it was served upon J. T. McNamara citing him to appear in said court on March 1st, 1895, to answer as garnishee whether he was indebted to Jno. A. Kaune, and whether he would be so indebted under contract, and whether he had on hand personal property belonging to said Kaune, &c. The garnishment was sued out by the plaintiff, John Henry, upon a judgment recovered by him before said justice on October 20th, 1894, against John A. Kaune aforesaid, for sixty-three dollars and sixty cents debt, and four dollars and sixty cents costs. The garnishee answered on March 1st, 1895, that he was not indebted to said Kaune at the time of the service of the garnishment, nor at the time of answering, nor in the time intervening the service and answer, and that he would not be indebted to him in the future by contract existing at the service or the answer, and that he had not in his possession or control any money or other property of Kaune. This answer the plaintiff contested before the justice, making affidavit that he believed the answer to be untrue, on March 2d, 1895, and thereupon plaintiff tendered written issues on the contest. The trial of the contest was had thereafter, and the justice rendered judgment thereon for the plaintiff against the garnishee for forty dollars. From this judgment the garnishee appealed to the circuit court of Mobile county. In the circuit court the garnishee made a further answer, on June 4th, 1895, saying he was not indebted to defendant Kaune at the service of the garnishment, February 4, 1895, nor at the time of his answer before the justice, nor at the time of making this further answer, and that he would not be indebted to him in the future by contract then or now existing, and that he has not in his possession or control personal or real property or things in action of said Kaune. Plaintiff contested this answer, by making affidavit that he believed it to be untrue, on July 5th, 1895, and at the Fall Term, on December 2d, 1895, plaintiff tendered issues as follows : "Plaintiff continues to rely upon the tenders of issue on contest of the garnishee's answer,

[Henry v. McNamara.]

which tenders have been made hitherto, and if need be hereby refiles and reiterates the same as his tender of issue." Subsequently, on May 11, 1896, plaintiff by leave of the court filed the following amended tenders of issue on contest of garnishee's answer: "1st. The answer is untrue in this, that at the service of the garnishment the garnishee had a contract with the defendant by which the defendant was to work and labor for him as an employè for a compensation in money to be paid the defendant therefor, whereby the garnishee could become indebted to the defendant for work and labor done thereunder at the garnishee's request, and whereby he would in the future become indebted to the defendant for such work and labor so to be done. 2d. The answer is untrue in this, that between the service of the garnishment and the making of the garnishee's answer, the garnishee had a contract with the defendant by which the defendant was to work and labor for him as an employè for a compensation in money to be paid the defendant therefor, whereby the garnishee could become indebted to the defendant for work and labor to be done thereunder at the garnishee's request, and whereby he would in the future become indebted to the defendant for such work and labor so to be done. 3d. The answer is untrue in this, that at the time of the garnishee's answer, the garnishee had a contract with the defendant by which the defendant was to work and labor for him as an employè for a compensation in money to be paid the defendant therefor, whereby the garnishee could become indebted to the defendant for work and labor to be done thereunder at the garnishee's request, and whereby he would in the future become indebted to the defendant for such work and labor so to be done. 4th. The answer is untrue in this, that at the time of the service of the garnishment, the garnishee was indebted to the defendant in the sum of, to-wit, forty dollars, due from the garnishee to the defendant for work and labor done by the defendant for the garnishee on, to-wit, January 1st, 1895, at the garnishee's request. 5th. The answer is untrue in this, that between the service of the garnishment and the making of the garnishee's answer, the garnishee was indebted to the defendant, Kaune, in the sum of, to-wit, two hundred and fifty dollars, due from the garnishee to the defendant for work and labor done

by the defendant for the garnishee, on, to-wit, January 1st, 1895, at the garnishee's request. 6th. The answer is untrue in this, that at the time of the garnishee's answer, the garnishee was indebted to the defendant, Kaune, in the sum of, to-wit, three hundred dollars, due from the garnishee to the defendant for work and labor done by the defendant for the garnishee on, to-wit, January 1st, 1895, at the garnishee's request. 7th. The answer is untrue in this, that at the time of the service of the garnishment, the garnishee had in his possession or under his control personal property belonging to the defendant Kaune, namely, three 3 for 1 slot machines, one weighing scales, three bank machines, one lift machine, one automatic panorama, aggregating in value $125. 8th. The answer is untrue in this, that between the service of the garnishment and the making of the garnishee's answer, the garnishee had in his possession or under his control, personal property belonging to the defendant Kaune, namely, three 3 for 1 slot machines, one weighing scales, three bank machines, one lift machine, one automatic panorama, aggregating in value $125. 9th. The answer is untrue in this, that at the time the garnishee made his answer, the garnishee had in his possession or under his control, personal property belonging to the defendant Kaune, namely, three 3 for 1 slot machines, one weighing scales, three bank machines, one lift machine, one automatic panorama, aggregating in value $125."

To these last amended tenders of issue the garnishee demurred as follows : To the 1st, 2d and 3d tenders of issue, he demurs upon the ground that said tenders of issue allege that "garnishee had a contract with the defendant whereby he 'could' become indebted to the defendant," which, if true, would create no liability upon the garnishee, unless it was also a contract whereby the garnishee must become indebted to the defendant.

To the 2d, 5th and 8th tenders of issue garnishee demurred upon the ground that "the same do not specify which of the two answers filed by the garnishee in this cause is therein referred to, and are, therefore, indefinite. If it be that he refers to the first or original answer, then the time specified in the said tenders of issue is covered by the garnishment; but if he refers to the second or additional answer, then the time specified is

[Henry v. McNamara.]

not covered by the garnishment." These demurrers the court sustained.

When the contest was called for trial and before it was entered on, plaintiff by leave of the court amended said first, second and third tenders of issue by striking from them the word "could" and inserting in lieu thereof the word "would." No other amendment was made. The trial was had upon the first, second, and third tenders as thus amended, and upon the fourth, sixth, seventh and ninth tenders.

On the trial of the contest, the plaintiff offered in evidence the transcript of the justice's court, showing he had recovered judgment against the defendant, upon which the garnishment was sued out. The plaintiff testified that at the time of the service of the garnishment, the defendant was in the employ of the garnishee, as bar tender in his bar-room in Mobile, and that he had been so employed by the garnishee for two or three years prior to the service of the garnishment, and until about November 1, 1895; that he knew what the services of a bar tender were worth in the city of Mobile, and that the services of such a one as the defendant was would be worth $14 or $15 per week.

Upon cross-examination, the plaintiff testified that he could not say, by his personal knowledge, that the garnishee was indebted to the defendant at all, and that he knew nothing about the stipulations and terms of any contract between the defendant and garnishee. He further testified that he had never heard the garnishee make any admissions as to the defendant's compensation, and had never had any conversation with the garnishee concerning the same. This was substantially all the evidence in the case.

The court refused to give the general affirmative charge at the request of the plaintiff, and gave, at the request of the garnishee, the general affirmative charge in his behalf. To each of these rulings of the court the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court in sustaining the garnishee's demurrer to 5th and 8th tenders of issue, the rulings upon the charges requested, and the rendition of judgment for the defendant.

[Henry v. McNamara.]

D. B. COBBS, for appellant.—The lien of the garnishment attached to any liability from the garnishee to the defendant, which accrued after the first answer and its contests. When the garnishee appealed, the judgment by the justice of the peace became vacated and the case stood in the circuit court upon the process and pleadings just as if the contest had originated in the circuit court in the first instance.—*Lehman v. Hudmon*, 79 Ala. 534; *Craft v. L. & N. R. R. Co.*, 93 Ala. 22. The garnishee had the right to make a new answer in the circuit court. *Lehman v. Hudmon*, 85 Ala. 136. The demurrers to the fifth and eighth tenders of issue should not have been sustained.

T. M. STEVENS, *contra.*

BRICKELL, C. J.—Section 2957 of the Code provides that the service of a garnishment shall create a lien in favor of the plaintiff. Section 2946 prescribes what this lien shall cover by requiring the garnishee to answer "whether at the time of the service of the garnishment, or at the time of making his answer, or at any time intervening the time of serving the garnishment and making the answer, he was indebted to the defendant, and whether he will not be indebted in the future to him by a contract then existing, * *. * * and whether he has not in his possession or under his control money or effects belonging to the defendant." The lien, therefore, attaches to any debt of the garnishee to the defendant owing at the time of the service, or at the time of the answer, or becoming due at any time between the service and the answer or the contest thereof, or in the future, under a contract existing at the time of the service or answer.— *Lady Ensley Furnace Co. v. Rogan*, 95 Ala. 596. But it does not attach to any debt after the making of the answer, or to any property of the defendant in the hands of the garnishee the possession of which was thereafter acquired. The garnishee may safely answer the garnishment at once, in which event no money or effects subsequently coming into his hands, or debts subsequently contracted, are made by the statute subject to the lien created by the service.

When a garnishee appeals to the circuit court from a judgment rendered against him by a justice of the peace

on a contest of his answer, the case is triable *de novo* upon its merits. It is a consequence following upon the statutory requirement that the trial shall be *de novo*, that the garnishee may answer anew in the circuit court.— *Francis-Chenoweth Hardware Co. v. Bailey & McConnell*, 104 Ala. 569; *Lehman v. Hudmon*, 85 Ala. 135; *Case v. Moore*, 21 Ala. 760. But it is not necessary for him to do so, if, in his former answer, he answered all the matters required by the statute to be answered. If, however, he exercises the right and files a new answer, which is a mere repetition of the former one, denying indebtedness, &c., during the period fixed by the statute, the effect of filing such new answer is not to extend the period of inquiry as to indebtedness up to the time of the making of the new answer, except as to such as accrues during this period under an antecedent contract; nor to authorize the plaintiff to tender an issue of indebtedness *vel non* contracted during the period intervening between the making of the two answers. The issues are the same, and the period over which the inquiry can extend is the same as they would be if no new answer had been filed. But if in such answer the garnishee, after denying indebtedness at the time specified in the statute, goes further and denies that he is indebted to the defendant at the time of the filing of such new answer, a time not covered by the garnishment, then, as between him and the plaintiff, he thereby gives the latter an opportunity to controvert the truth of the denial and to tender an issue averring that the garnishee was indebted to the defendant at the time. The plaintiff cannot, however, merely because of this additional denial in the answer, require him to meet an issue averring the existence of an indebtedness at some time between the making of the two answers, except as such accrued during the period under an antecedent contract, nor any issue which, if joined in, would authorize proof of an indebtedness contracted after the making of the first answer.

Applying these principles to the case under consideration, it results that the demurrer to the fifth and eighth issues was properly sustained. As we construe them, the averments therein as to indebtedness and the possession of property has reference to the period between the service of the garnishment and the last answer,

and would have authorized plaintiff to prove that at some time between the making of the first and last answers garnishee had become indebted to the defendant, or had acquired possession of property belonging to him, and upon such proof obtained a judgment, although the debt had been paid or the property restored prior to the last answer. If we construe the issues as referring to the period between the service and the first answer, then appellant was not injured by, and can not complain of, the action of the court in sustaining the demurrers, since he had the benefit of the same issues under the fourth and ninth issues, respectively. With respect to the fifth issue, it will be observed that the time when the indebtedness is alleged to have been incurred is laid under a *videlicet*, the object of which is to inform the other party that the pleader does not intend to rely on the time as alleged, and he could, therefore, although the time alleged was prior to the service of the garnishment, have shown that the indebtedness was incurred at a time subsequent to the first answer.—*Simpson v. Talbot*, 25 Ala. 470.

The court erred in giving the general charge in favor of the garnishee. The issue of idebtedness *vel non* should have been left to the jury. From the facts in evidence the jury might properly have inferred the intention with which the services were rendered by the defendant for the garnishee, whether in expectation of receiving compensation or not, knowledge of the services on the part of the latter and his acquiescence therein and acceptance thereof, and the existence of every material fact necessary to raise a legal presumption of a promise to pay for the same. The general charge should never be given when any material fact in the case rests in inference, or when it become necessary to determine the intention of the parties.—1 Brick. Dig. 335, § 4; *Tabler v. Sheffield Land, Iron & Coal Co.*, 87 Ala. 309; *Cox v. Knight*, 49 Ala. 173.

Let the judgment be reversed, and the cause remanded.
Reversed and remanded.