[Lee v. Crump.]

# Lee *v* Crump.

## Slander.

(Decided April 5, 1906.   40 So. Rep. 509.)

1. *Slander; Action; Variance.*—Where the time of the use of the slanderous words was laid in each count of the complaint under a videlicet, it was unnecessary to prove the precise time as alleged, nor did it constitute a variance.

2. *Same; Proof.*—It is not necessary, in an action of slander, to prove the words laid in the complaint literally; it is sufficient if the words charged are substantially proven.

3. *Same; Defenses.*—The fact that defendant had not committed the crime charged was no defense, where the persons hearing the slanderous words were not aware of the circumstances to which the words referred.

4. *Same; Words Actionable Per Se.*—The use of the words "the plaintiff stole my cabbage," was actionable *per se*.

5. *Same; Malice.*—If one falsely charges another with infamous crime, because of anger or ill will, the words are presumed to be used maliciously.

6. *Same; Implied Malice.*—Where the other elements exist, implied malice is sufficient to support the action of slander.

7. *Same; Damages.*—Punitive damages may be awarded on proof of express malice, in an action for slander.

8. *Same; Implied Malice.*—The law imputes malice when the words used charged larceny.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

This is an action for slander commenced by I. D. Crump against Fitzhugh Lee, the facts of which are set out in the opinion.

The complaint contains three counts. In the first count, the libelous words imputed are, "You stole my cabbage," viz., on about the 15th of December. The libelous words in the second count are, "Id Crump stole my cabbage" (same date as above). In the third count the words were alleged in substance as follows: "I did

say you stole my cabbage, and you are the only man I ever knew to steal a wagon load of cabbage" (same date). The plea was the general issue. The plaintiff requested the court in writing to give the following charges, which the court gave: Charge 1: "The court charges the jury that there is no evidence in this case that Crump stole the cabbage." Charge 2: "The court charges the jury that if they find from the evidence that the words used as charged in the complaint were used by the defendant in the presence of others as charged in the complaint, and, further, that the defendant intended by the use of these words to impute to the plaintiff the charge of larceny, then, if the jury further find that these words were used for slander, and also that they were used by defendant because he was mad at the plaintiff and had ill will against him, then the words were used maliciously." The defendant requested the general affirmative charge, which the court refused to give. There was verdict and judgment for plaintiff, and his damages were assessed in the sum of $300.

W. H. DENSON, for appellant.—An allegation of time under a videlicet will never relieve of the necessity of proving that which is descriptive of the identity of the subject of the action.—*Simpson v. Talbot*, 25 Ala. 469; *Gleason v. McVickers*, 7 Cowan Rep. 42; 1 Greenleaf Ev. (15 Ed.) Secs. 60-61. Slanderous words spoken today, if suit is brought for such, will not bar an action brought for slanderous words tomorrow as right of action is given for each speaking.—*Swinney v. Nave*, 22 Ind. 178. The failure to allege any day on which the words were spoken would be fatal.—*Gray v. Sidelinger*, 72 Me. 114. The allegation of time in the complaint is indefinite.—*Cole v. Babcock*, 73 Me. 41; *Simpson v. Talbot*, 25 Ala. 469.

There is a variance between the allegation and the proof. It is not sufficient to prove words equivalent or of some similar import to those alleged.—Newell Def. Slander and Libel, p. 804. The circumstances of the taking made it a trespass and plaintiff was not entitled to recover except for special damages which were not

[Lee v. Crump.]

shown.—*Wright v. Lindsey,* 20 Ala. 428. Under the allegations and proof, the cabbages were not the subject of larceny and larceny was not imputed by the words used.—Townsend Slander and Libel, p. 149; *Ivey v. Pioneer Co.,* 113 Ala. 349. The words were not actionable per se.—*Smith v. Gafford,* 31 Ala. 45. The court erred in giving charge 2 for the plaintiff.—*Palmer v. Anderson,* 33 Ala. 84.

GOODHUE & BLACKWOOD, for appellee.—The true rule governing this case is found in *Dunnell v. Fisk,* 11 Metcalf 553. It is only where the facts stated by the defendant at the time of the publication of the alleged slander shows that the act constituted a trespass that the defendant would not be liable.—*McCaleb v. Smith,* 22 Iowa 244. It is not necessary to prove the exact time when the words were spoken or written and the variance between the pleading and proof as to the time is immaterial.—13 Ency. P. & P. 67; *McKinley v. Rob,* 20 Johns (N. Y.), 351. There is no material difference between the words charged and the words proven to have been spoken, and it is sufficient to prove the words substantially as charged.—13 Ency. P. & P., p. 63; section 3287, Code 1896.

WEAKLEY, C. J. The complaint contains three counts, each alleging that the defendant falsely and maliciously charged the plaintiff with larceny, by speaking of and concerning him the words set forth. The words in substance are that the defendant stole the plaintiff's cabbage, or, as expressed in the third count, that the defendant stole a "wagon load of cabbage." The case was tried upon the plea of the general issue, the only plea filed, and the plaintiff obtained a verdict and judgment. The appellant, who was the defendant in the court below, first insists that error was committed in refusing his request for the affirmative charge; and this contention rests upon three grounds, which we will consider in the order in which they have been argued.

The time of the speaking of the words is in each count

42

laid under a videlicet, the office of which is to mark that the party does not undertake to prove the precise time alleged. The allegation as to time was not descriptive of the identity of the subject of the action, and was not necessary to be exactly proven.—*Simpson v. Talbot,* 25 Ala. 469; 1 Greenleaf on Ev. § 60; 13 Ency. Pl. & Pr. 67, note 4.

We discover no substantial variance between the words alleged and those given in evidence. It is not necessary to prove the words literally. It is sufficient if those charged be substantially established.—*Scott v. Mc-Kinnish,* 15 Ala. 662, and authorities there cited; 13 Ency. Pl & Pr. 63. The words of the second count, however, seem to have been literally proven.

The words used by the defendant, in their ordinary signification and standing alone, imputed to the plaintiff the infamous crime of larceny, and hence were, if false and malicious, actionable without proof of special damage. No doubt, the defendant, upon settled principles of law, would have been allowed to show, if he had offered to make such proof, that the words were spoken in reference to the severing by the plaintiff from the soil of growing cabbage and his taking them away by one continuous act, thereby imputing a trespass merely, notwithstanding the use of the mose offensive word "steal," and that this application of the words was known or communicated to his hearers at the time.—*Norton v. Ladd,* 5 N. H. 203, 20 Am. Dec. 543; *Dunnell v. Fiske,* 11 Metc. (Mass.) 559; *Parmer v. Anderson,* 33 Ala. 78; *Williams v. Cawley,* 18 Ala. 206; 18 Am. & Eng. Ency. Law (2d Ed.) 888. But there is an entire absence of any proof that the hearers of the words either knew or were informed that the defendant had reference to a mere trespass, instead of to a felony. It will not avail the defendant that the plaitniff had in fact not committed the crime of larceny, nor been guilty even of a trespass. "It is actionable per se to charge a person with having committed a crime, even though such crime has not been committed, if the hearers of the slander do not know that circumstance."—18 Am. & Eng. Ency. Law (2d Ed.)

[Jones v. Coan.]

874.   It results that the affirmative charge requested by the defendant was properly refused.

There was no error in giving charge 2 at the request of the plaintiff. It asserts in substance that if the words used were intended to impute to the plaintiff the crime of larceny, and if they were false and were used by the defendant because of anger and ill will towards the plaintiff, then the words were used maliciously. It has often been said that malice is the gist of the action of slander or libel; and of malice there are two kinds, express and implied.   Implied malice alone is sufficient, where other elements exist, to support the action; while express malice will authorize punitive damages.   "Malice in fact may be defined as a spiteful or rancorous disposition which causes an act to be done for mischief."—*Childers v. San Jose Pr. & Pub. Co.*, 105 Cal. 284, 38 Pac. 903, 45 Am. St. Rep. 40.   If the jury found the facts to exist as hypothesized in the charge, then there was not only the malice which the law, under the conditions of this case, presumes from the use of the false words, imputing larceny, but express malice as well, growing out of the defendant's ill will towards the plaintiff and the purpose to do him injury; and the evidence, without dispute, authorized the jury to so find.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.