## SUMMIT v. ZETTERLUND.

(District Court, S. D. Florida, at Miami. March 30, 1923.)

1. **Libel and slander ⚌7(13)—Statement plaintiff hauled articles away from defendant's land is not slander per se.**

   A statement by defendant that plaintiff had secretly hauled away articles from defendant's land, and had sold them, is not slanderous per se.

2. **Libel and slander ⚌86(3), 123(3)—Innuendo held sufficient to sustain declaration, though words not actionable per se, and meaning of words is a jury question.**

   A declaration alleging that defendant falsely and maliciously stated that plaintiff secretly hauled away articles from defendant's land and sold them, thereby meaning and intending to charge that plaintiff had stolen the goods, is sufficient, though the words used were not actionable per se, since the innuendo shows that they were used in a sense that made them actionable, and it was a question for the jury whether they had the meaning given them by the innuendo.

At Law. Action by V. F. Summit against Olof Zetterlund. On demurrer to the declaration. Demurrer overruled.

Carson, Murrell & Farrington, of Miami, Fla., for plaintiff.
Gramling & Clarkson, of Miami, Fla., for defendant.

CLAYTON, District Judge. As amended, the declaration charges, after the necessary formal averments, in the first count, that the defendant—

"by contriving and maliciously intending to injure the plaintiff and bring him into public scandal and disgrace, did, on to wit, May 1 A. D. 1922, in a certain conversation and discourse which the defendant Olof. Zetterlund had of, regarding, and concerning the plaintiff, in the presence and hearing of one Miller and one Taylor, of Dania, Florida, and one Putnam of Waco, North Carolina, said discourse being had at or near the city of Dania, Broward county, Florida, falsely and maliciously, in the presence and hearing of said persons, voluntarily speak and publish of and concerning the plaintiff the false, scandalous, malicious and defamatory words following that is to say, that 'Summit (meaning plaintiff) secretly hauled away tomatoes from my land (meaning defendant's land), and sold them,' thereby meaning and intending to charge that the plaintiff had stolen, taken, and carried away the goods and chattels of the defendant, whereby the plaintiff has been greatly injured in his good name, credit, and reputation in his community, and has been and is shunned and avoided by divers persons, all as a direct result of the charge of crime by the said defendant, and is otherwise greatly injured."

Damages in the sum of $10,000 are claimed. The second count is in the same words, except the property of the defendant alleged to have been taken was fertilizer.

The defendant has demurred, and assigns as grounds thereof, first, that "the alleged slanderous words set forth in the first count of said amended declaration are not actionable"; second, that "the alleged slanderous words set forth in the second count of plaintiff's declaration are not actionable."

[1] That the words set out in the declaration are not slanderous per se is a plain and sound proposition. The books are full of cases con-

taining the settled law upon this subject. Among such are Pollard v. Lyon, 91 U. S. 225, 23 L. Ed. 308; Washington Post Co. v. Chaloner, 250 U. S. 290, 39 Sup. Ct. 448, 63 L. Ed. 987; Brown v. Tribune Ass'n., 74 App. Div. 359, 77 N. Y. Supp. 461; Bihler v. Gockley, 18 Ill. App. 496; Harrison v. Manship, 120 Ind. 43, 22 N. E. 87; Young v. Cook, 144 Mass. 38, 10 N. E. 719.

[2] But the plaintiff's attorneys admitted in the argument, as they should have done, that the alleged slanderous words declared on are not actionable per se. Nevertheless the insistence is that the words stated constituted an innuendo and an imputation of a crime to the plaintiff—that the defendant meant by the words employed at the time and place and in the presence of the persons named to charge that the plaintiff had stolen and taken and carried away the tomatoes in the one instance and the fertilizer in the other, the property of defendant and that the declaration as against the demurrer is good.

The declaration charges that the defendant meant to and did by innuendo assert that the plaintiff had stolen the property, and thus so far as good pleading requires a justicable cause is presented, and a proper case made by the pleadings to be submitted to the jury, to ascertain by their verdict the purpose and meaning of the plaintiff in using the words set forth in the declaration. If the defendant had said in words that the plaintiff "stole the tomatoes" of defendant, such words would have been actionable per se. Lee v. Crump, 146 Ala. 655, 40 South. 609. The rule is that, where the words per se charge a crime, it is a matter of law to be determined by the court; but here, the words not being in and of themselves a direct or plain charge of a crime, a case is made for the jury to say whether the language employed was meant to and understood to be an accusation by the defendant that the plaintiff had committed a larceny.

Here it is for the jury to form the conclusion of fact from the words spoken and the attendant circumstances; the interpretation by the jury to be made in the light of all the facts; the language and all the circumstances being weighed according to the enlightened judgment, experience, common sense, and good conscience of the jury. It must never be forgotten, by any one living under our government of law, that the freedom of speech, like the use of property, is not without just legal limitation. The enjoyment of each of these blessings is always subject to the ancient maxim "sic utere tuo ut alienum non lædas."

So in this case a jury must say whether or not the defendant has transcended the limitation imposed by the law. Washington Post Co. v. Chaloner, supra, where this doctrine is upheld, and where Com. Pub. Co. v. Smith, 79 C. C. A. 410, 149 Fed. 704, 706, 707, and Peck v. Tribune Co., 214 U. S. 185, 29 Sup. Ct. 554, 53 L. Ed. 960, 16 Ann. Cas. 1075, are cited with approval.

It follows that the demurrer must be overruled.