SCALES *vs.* SWAN.

1. The court is not bound, in attachment, to receive the answer of a garnishee in writing—the statute requires the garnishee to appear in open court, though for the sake of convenience, and the dispatch of business, his personal appearance may be waived.

2. The court may treat an evasive written answer as a nullity, and enter interlocutory judgment; and, in such case, there is no necessity for plaintiff to file exceptions to the answer.

3. Where judgment *nisi* is properly entered—the right to enter final judgment on the return of *scire facias*, follows as a necessary consequence.

4. The clerical error of a ministerial officer of court may be amended, where there is sufficient data on which to predicate the amendment.

Error to the Circuit court of Talladega.

Attachment—before *Shortridge*, J.

This was a suit in the court below, commenced by the defendant in error, by attachment, against one Christopher McLure, as an absconding debtor, in which the plaintiff in error was summoned as garnishee. The garnishee appeared, and filed the following answer:

"S. F. D. Swan *vs.* Christopher McLure.

"Answer of Nicholas Scales, on a summons of garnishment, at the suit of Samuel F. D. Swan *vs.* Christopher McLure.

"This respondent, saving and reserving to himself all legal and proper exceptions, &c. answering, says, that the said defendant, about the 30th March, 1836, married

this respondent's daughter; that some time afterwards, to wit, about the last of August, 1836, they (McLure and wife,) went to house-keeping in Talladega, when this respondent let them have possession of two negroes, the one a woman about the age of thirty years, the other a negro boy aged about six years, the child of said woman: —that he also permitted them to have possession (for the use of respondent's daughter,) of a negro girl, aged about nine years; that about the end of the year 1836, they broke up house-keeping, when the negroes were returned into the possession of this respondent, where they remained until the month of June, within a few weeks of his daughter's death; that the respondent did not then, or at any time afterwards, transfer the title of any of said negroes to the said McLure,—and the last mentioned girl was intended merely as a temporary loan; that at the death of respondent's daughter, which took place on the second of July, 1837, or a short time thereafter, said McLure sent back the said negroes to this respondent, stating—that he did not lay any claim to the same, but returned them to the family from whence they came.

"Respondent, at the time, offered said McLure a compensation for said negroes, which he then refused; that at a subsequent period, and a long time after the possession of the said negroes was returned, to wit, on the 16th of October, 1837—he, McLure, in pursuance of said offer, made his certain deed or bill of sale, whereby, in consideration of five hundred dollars, he conveyed the said negroes, or his interest therein, to said respondent, stating that he might pay him at some time when convenient to respondent,

"This respondent further states, that he is advised, and believes that there is in the hands of James F. Way, of Davidson county, State of Tennessee, the sum of seventy-five dollars, subject to the order of said McLure:—that he knows of no effects, or debts of the said McLure, in the hands or possession of any other person.

"This respondent further states, that previous to this garnishment, he was served with a garnishment, at the suit in attachment of William R. Ridout—that he then answered, he had no effects or debts of said McLure in his hands, and knew of none in the hands of any other person, not regarding said McLure as having any claim to the said negroes, the title thereof having never passed out of this respondent, and the possession of the same having reverted to this respondent in the manner above stated, and not then recollecting this claim in the hands of Way. Respondent, therefore, submits whether, if there be any liability under the present shewing, the claim of said Ridout should not be reserved in the first instance from the liability—wherefore, respondent having fully answered, prays to be dismissed, *&c.*"

To this answer, the defendant in error filed exceptions, alleging that it was evasive—and neither admitted or denied indebtedness to the absconding debtor.

The court, as appears from the record, sustained the exceptions to the answer of the garnishee, and rendered a judgment *nisi* by default against him, but in entering up the judgment, the sum of money was left blank.

At the succeeding term of the court, on motion of the defendant in error, the judgment *nisi* entered against the garnishee, was amended *nunc pro tunc,* and the garnishee

appeared, and by leave of the court, filed an amendment
to his answer, which is in these words:

"This respondent amends his answer, by stating fur-
ther, that after having been garnisheed in the case of
Swan and Scales, he was next served with a garnish-
ment, at the instance of William L. Ridout; attachment
before a justice of the peace, for $38 12; and subsequent-
ly, but on the same day, the sheriff served on him two
garnishments, one in favor of West, (being the same men-
tioned in the main answer,) and another in favor of Ste-
phen Sparks, trustee, for thirty dollars, both at same time.
Respondent has since been served with garnishments in
four other cases from justices of the peace, to wit, Tal-
madge & Carey, for $30 20; McLure vs. McLure, for
$29; D. S. Rolinton vs. McLure, for $40 76; Swan vs.
McLure, for $33, which were served subsequent to those
first mentioned by this respondent, but the order of ser-
vice not recollected."

The court below treated the answer, thus amended,
as a nullity, because it was evasive and argumentative;
and rendered a judgment final against the garnishee, for
the amount of the debt against McLure, and costs.

The plaintiff in error (the garnishee,) prosecutes his
writ of error from this judgment, and now assigns, as
reasons for reversing the judgment—

1. The court erred in rendering the judgment *nisi*
against the plaintiff in error;

2. In permitting the said judgment to be amended
*nunc pro tunc*, at a subsequent term;

3. In sustaining the exceptions to the answer of the
plaintiff in error;

4. In rendering final judgment against the plaintiff in error.

*Chilton,* for plaintiff in error.
*Martin,* contra.

ORMOND, J.—The answer of the garnishee filed in this case, was, in our opinion, sufficient to have warranted a judgment against him. It is, in substance, an admission that the negroes sent home with his son-in-law on the marriage of his daughter, were given to the son-in-law, and afterwards re-purchased by him. It is true, that he states he made no title to the slaves, by which he doubtless means that he executed no written evidence of title to his son-in law. But that was not necessary, to vest the son-in-law with the title, as the title to personal property passes by delivery, and that the parties so understood it, is manifest from the plaintiff afterwards receiving a title to the slaves from McLure, and agreeing to pay him five hundred dollars.

The court, however, was not bound to receive an answer in *writing.* The statute evidently contemplates the personal "appearance and examination" of the garnishee in open court—(See Aik. Dig. s. 19, p. 42)—and although for the sake of convenience, and the dispatch of business, it may be waived when the answer is full and explicit, there is no obligation on the court, and there would be no propriety, in receiving an answer studiously drawn to evade the true question. It is of great importance, that the right to examine the garnishee in open court, should not be drawn in question; the court were,

therefore, not bound to receive an evasive written answer, but might consider it as a nullity, and enter an interlocutory judgment.

As the court had a right to treat the answer as a nullity, there was no error in sustaining exceptions to it, although there was no necessity to file exceptions. But if this is an error, it is one of which the plaintiff in error cannot complain, as, in our opinion, the answer was sufficient to authorise a judgment against the garnishee.

The judgment *nisi* being properly entered, the right to enter a final judgment on the return of the *scire facias*, followed as a necessary consequence.

The amendment of a clerical error of a ministerial officer of the court, by inserting the sum for which the judgment *nisi* was rendered, is also assigned for error. No other question is raised, but the power of the court to make such amendment. It however clearly appears from the record, that the plaintiff in error was in court, and the amount for which the judgment against the garnishee was rendered, being the amount of the judgment against the defendant in the attachment, there was sufficient data on which to predicate the amendment, and it was therefore the duty of the court to direct the amendment to be made—(Wilkeson vs. Goldthwaite, 1 Stew. & Por. 159.)

There is no error in the judgment of the Circuit court, and it is therefore affirmed.