## MYATT, ET AL. v. LOCKHART & MASSEY.

1. Under the attachment laws, when the answer of the garnishee is controverted by the oath of the plaintiff, the cause is at issue with the garnishee, and the proof, to charge him, is entirely independent of the answer, and when that is introduced by the plaintiff, it is governed by the same rules as any other admission by the garnishee.

2. The plaintiff cannot select a part of the answer on which to take issue: the only proper issue is one of indebtedness, vel non.

3. Proof that the garnishees, as attorneys, had received money recovered in the name of the defendant in attachment, for the use of another, who it was proved, disclaimed any interest, is sufficient to charge them, and it afterwards rests with them to show that the money collected was legally or equitably belonging to some other person.

4. When the answer of a garnishee is controverted, and shows, amongst other matters, that the interest in the money garnisheed is in another, this fact, unless shown at the trial, does not affect the suit, inasmuch as the plaintiff elects to controvert the answer, instead of admitting it, and calling in the person thereby indicated.

Writ of Error to the County Court of Perry.

LOCKHART & MASSEY were summoned as garnishees, in a suit commenced by attachment by M. A. & J. H. Myatt against Johnson & Patton. At the return of the process, Lockhart & Massey appeared and answered on oath, that to the best of their knowledge, information and belief, they were not indebted to the defendants in attachment; that on the 23d day of January, two notes were placed in their hands by William H. Dearing, as his property, for which they gave their receipt to him; one of these notes was payable to Johnson & Patton, for the sum of seventy-eight dollars, with interest from the 1st January, 1843, made by Gaston Hill, on the 12th of the same month and year, due one day after date; the other, payable also to Johnson & Patton, for fifty-six dollars, with interest from the 1st January, 1843, made by T. H. Hill, on the 10th January, 1843, due one day after date. On the 8th day of December, 1843, Dearing assigned Lockhart & Massey's receipt to G. P. Massey, for value received. Suits on these notes were brought in the name of Johnson & Patton, to the use of John Lockhart, on the 31st January, 1843. These suits were prosecuted to judgment, the money collected in both cases, and the remainder left, after the deduction of fees for the management of the suits and other professional services, was paid to George P. Massey & Co. The money on Hill's note was collected and paid to George P. Massey previous to the service of garnishment.

The plaintiffs filed an affidavit, in which one of the firm

made oath, that the answer of the garnishees was incorrect, and that he had reason to believe, and did believe, that the notes so received by the garnishees for collection, were, when received, the property of Johnson & Patton, and not the property of the said William Dearing, and therefore they prayed an issue might be made up, and the said Dearing notified to appear. Upon this the Court ordered an issue to be made up, and Dearing to be notified. The cause was then continued to the next term. At the ensuing term, Dearing, having been summoned, did not appear, and the plaintiffs then tendered an issue, averring that the money collected on the notes mentioned in the answer of the garnishee, was, when collected, and at the service of the garnishment, and yet is, the money of Johnson & Patton, and of this they put themselves on the country. The garnishees demurred to this allegation; and their demurrer being overruled, they joined issue upon it.

At the trial, the plaintiffs offered Gaston Hill as a witness, and proved by him the execution and delivery by him of the note described in that behalf in the answer of the garnishees. They then introduced the writ and declaration in the suit against Hill, showing it to be for the use of John Lockhart, and proved the receipt of the money from the sheriff by the garnishees, on the 22d December, 1843, as attorney for the plaintiffs. They also proved Lockhart's admission a few days after the suit, that it was not for his benefit, and the money due upon the note was not coming to him.

The defendants introduced no evidence, but insisted that the answer was evidence for them, and might be looked to to sustain the issue on their part.

Upon this the plaintiffs moved the Court to instruct the jury,

1. That the affirmative allegations made by the garnishees in their answer, after the affidavit of its incorrectness was filed, required proof to sustain them, over and above the matters stated in the answer.

2. That the matters shewing an assignment of the claim from Johnson & Patton to Dearing, and from him to Massey, ought to be proved by other evidence than the answer.

These instructions were refused, and in their stead the Court charged the jury,

That under the issue, the answer of the garnishees was evidence both for and against the plaintiffs, and also for and against the defendants : That although its correctness was denied by the affidavit of the plaintiffs, the burden of proof was still upon them, and with respect to that part of the answer about the ownership of the note by Dearing, and its assignment to Massey, it was still evidence before the jury ; but could notwithstanding be contradicted by evidence from the plaintiffs.

To the refusal to charge as asked, and to the charge given, the plaintiffs excepted, and here assign the same as error.

DAVIS, for the plaintiff in error, cited Clay's Dig. 60, 63 ; 8 Pick. 72.

A. GRAHAM, (of Perry,) contra, insisted,

1. That the answer of the garnishee is made evidence, and in the absence of statutory authority, would be the sole evidence to charge or discharge the party. [4 Mass. 85, 272 ; 8 Pick. 67.]

2. The statute only permits the plaintiff to controvert the answer, [Clay's Dig. 60, § 24,] ; thus regarding it as evidence until controverted. Its nature, as evidence, is not changed by permitting it to be controverted.

3. Conceding the Court to have mistaken the law upon this point, yet the judgment, discharging the garnishees, is proper, because nothing was shown of indebtedness beyond the demand, which the answer asserts was transferred to Massey. Massey is the transferee of the debt, and as such should have been summoned to sustain his title, in accordance with the 40th section of the attachment law. Lockhart and Massey were answerable to Massey only, after Dearing had transferred their receipt. In equity, this is as much the assignment of the debt as the delivery of the note.

GOLDTHWAITE, J.—1. The 25th section of the attachment act directs, that " the plaintiff wishing to controvert the garnishee's answer, may do so by making oath that he believes the same to be incorrect, whereupon an issue shall be formed, and tried as in other cases. [Dig. 60, § 25.]

Myatt, et al. v. Lockhart & Massey.

It is supposed by the garnishees, that this imposes on the plaintiff the *onus* of disproving the facts asserted by the answer ; but it seems clear to us that such is not the intention of the act, because, instead of being tried as other cases, this issue would often entirely depend on the garnishee's oath. The 24th and 40th sections present examples of similar collateral issues, and the object of the legislature seems to have been to place the plaintiff in attachment precisely in the same condition with respect to the person he is pursuing as garnishee, as the debtor himself would be if he was the plaintiff. The garnishee is permitted in the first instance, to state his case on oath, either generally or specially, if he chooses to do so, and this is conclusive until the plaintiff denies its correctness. The defendant in the attachment is allowed the same privilege. When, however, this oath is made by either party, an issue is required to be made up. In Graves v. Cooper, 8 Ala. Rep. 811, we considered what should be the form of this issue, when the controversy is at the instance of the defendant. When it is at the instance of the plaintiff, the issue of necessity is confined to a general allegation, that the garnishee is indebted to the defendant in attachment, either generally or in a larger sum than admitted by his answer. The proof to charge the garnishee is entirely independent of the answer, and if that is introduced by the plaintiff, it has the effect only of an admission of the party, and is governed by the same rules as any other admission. [Cowan & Hill's Notes, 926, *et se.*] But it never can be introduced as evidence by the garnishee, for the same reason that excludes all admissions as evidence for the party making them. If the rule was otherwise, it would always be impossible to controvert the answer of the garnishee, when he asserted a payment to the defendant in attachment.

2. This conclusion shows that the court was in error in the charge given, as well as those refused, with reference to the issue as formed. But it will be seen, the issue itself is irregular, in selecting a part only of the answer, as the matter intended to be controverted. In our opinion, the only proper issue, is one of indebtedness, *vel non.*

3. The evidence introduced by the plaintiff is not subject to the same exception as the issue tendered, because it at-

Myatt, et al, v. Lockhart & Massey.

tempted to show an actual indebtedness in the garnishees, entirely independent of their answer. It, in effect, establish-ed that the money received by them from the sheriff, was the money of the defendants in attachment ; after which it remained with them to show, that it equitably, or legally, was the money of some other person. If the evidence had stopped short of the admission by Lockhart, that he was not entitled to the money, the record showing the suit for his use, would possibly have discharged the garnishees, as the effect of thus bringing the suit, is to give the assent of the nominal party, that the money shall be so appropriated. [Brown v. Foster, 4 Ala. Rep. 282.] But he having repudiated the use by his own declaration, the money was in the hands of the attorneys, as that of the defendants in the attachment.

4. It is supposed the judgment ought not to be disturbed, inasmuch as the answer of Massey is entitled to be considered as the transferee of the debt, and as such entitled to litigate with the plaintiffs the validity of the transfer, under the 40th section of the attachment law. This would be entirely proper, if the evidence before the jury had shown such a transfer ; but it did not, and the answer being controverted, no such transfer as is there alledged to Dearing, and afterwards by him to Massey, can affect the cause as now presented. We have already said, if such a fact had been declared, it would have terminated the controversy ; as, in that event, Massey would be entitled to notice as transferee. Here he is considered only as the garnishee, and in the aspect of a partner with Lockhart. The plaintiffs have elected to proceed against them as partners, and it is quite probable they could not be permitted to have a several judgment against both, or either. See Travis v. Tartt, 8 Ala. Rep. 574.

Judgment reversed and remanded.

☞ Decided at June term, 1845, and omitted by mistake.