## JOHNSON & CO. v. SPAIGHT.

1. The fact that one is in possession of property, belonging to the former husband of his wife, but which has not been divided, or distributed among the distributees, many of whom are minors, does not subject it to the payment of his individual debts.

2. Property in the hands of a trustee, given to the wife for her sole and separate use, held by him at the request of the wife, cannot be subjected to the payment of the husband's debts.

Writ of Error to the Circuit Court of Dallas. Before the Hon. E. Pickens.

ASHLEY W. SPAIGHT was summoned as a garnishee by the plaintiffs in error, to answer whether he was not indebted to James George, against whom the plaintiffs had an unsatisfied judgment.

The garnishee appeared, and answered to special interrogatories. He denied that he was indebted to James George, but that George was indebted to him. He admitted that he acted as trustee for his mother, the wife of George, in the management of the Shelby springs, which he says were given to Mrs. G. by her sister and brother-in-law, for her sole and separate use, but that no deed has yet been executed; the title is in the donors. That he furnished the springs himself, with his own means, the said George acting as his agent, and that George has no right, title or claim to the profits.

He admits that he is managing and controlling a plantation, with slaves belonging to himself and sister, and the estate of his father, but that no division or distribution has ever been made. That he assumed the management of the plantation, at the instance of his mother and sister, and that George has received nothing more than was necessary to his personal comfort.

That a negro boy, by the name of Charles, was bought by

George, for him, in 1840, with money belonging to garnishee, and in regard to another slave by the name of Balaam, he had never been in his possession.

That he purchased a horse, barouche, piano and gin, from George, in 1845, for which he paid the full value in the notes of George. Other facts are stated in the answer, but are unimportant to the decision of the cause.

The court dismissed the garnishee on his answer, which is the matter now assigned as error.

G. W. GAYLE, for the plaintiff in error.

1. The monies received by the garnishee from the Shelby springs are liable, in his hands, for the debts of James George. 1. A husband is entitled to the rents and profits of the wife's land. See Chancey v. Strong, 2 Root, 369. 2. Husband entitled to wife's earnings. Clancy's H. & W. 3.

2. The interest of James George's wife in the personal estate of her former husband, (John Spaight, deceased,) in the hands of garnishee, is liable for his, James George's debts, and can be attached in the hands of garnishee. See Brasher v. Williams, 10 Ala. 630; Dunn and wife v. The Bank of Mobile, 2 Ala. 152; Moore & Co. v. Sample, 3 Ala. 319; Clay's Dig. 60, § 22.

WATTS, for the defendant in error.

1. As to the profits of the Shelby springs—the answer shows that they belonged to garnishee. There must be a clear admission of indebtedness before the court is authorized to give judgment against him.

2. As to the interest of Mrs. George in the slaves of John Spaight's estate—garnishment is a strictly legal remedy, and *choses in action* or equitable rights cannot be reached by it. See Jones v. Norris, 2 Ala. Rep. 526; Reps. of Thomas v. Hopper, 5 Ib. 442.

3. Even if George were distributee in his own right, and garnishee was the administrator, (neither of which is the case here,) his interest in the hands of the administrator could not be subject to garnishment. See Barnes v. Treat and Allen, Trustee, 7 Mass. 271; Picquet v. Swan, 4 Mason,

443; Zurcher v. McGehee, 2 Ala. 253; and see particularly what Judge story says as to the scope of garnishments, on page 446, 4 Mason. See also Brook v. Cook, 8 Mass. 246.

4. However it may be as to the interest of a distributee in his own right, it is very certain that the husband's right to his wife's unascertained interest in an estate, to which she is entitled in common with others, is a mere equitable *chose in action.* Span v. Stewart, 1 Hill's Ch. 316; Schuyler v. Hoyle, 5 Johns. Ch. Rep. 196; 5 Ves. 515; Wildman v. Wildman, 9 Ib. 174; Baker v. Hall, 12 Ib. 497.

COLLIER, C. J.—The garnishee expressly denies that he is indebted to the defendant in the judgment, or that he has any of his effects in his hands, and declares that upon a settlement, the defendant would be found to be his debtor. It is however insisted, that the facts stated disprove the denial, and this is the question we are called on to consider. Our own decisions furnish tests for the solution of this inquiry, and we will briefly notice them.

The answer of a garnishee must be taken as strictly true, unless it is traversed in the manner provided by the statute. 2 Stew. Rep. 86; 2 Port. Rep. 546; 2 Ala. Rep. 177. If the answer of a garnishee states facts from which an indebtedness to the defendant in execution must be inferred for a specific sum, a judgment may be rendered against him, although there is no distinct admission of indebtedness. 3 Ala. Rep. 312. A garnishment is not in the nature of an *equitable* proceeding, but must be regarded as a legal remedy. 5 Ala. Rep. 442. It is the institution of a suit by an attaching or judgment creditor against the supposed debtor of his debtor, and is governed by the rules applicable to other suits, so far as they are adapted to the nature of the proceeding. 8 Ala. Rep. 574. Where a garnishee admits an indebtedness dischargable in specific property, or in some other mode than by the payment of money, a judgment cannot be rendered against him for a definite sum *in numero.* 5 Ala. Rep. 648; 6 Port. R. 365; 1 Ala. Rep. 421. See further, 6 Ala. R. 818; 9 Ala. Rep. 91; 3 Port. Rep. 105; 1 Ala. R. 38; 2 Ib. 526; 4 Ib. 385.

If the marital rights of the husband have attached by his possession of property given to his wife and children jointly, the share of the wife may be levied on by an execution against the husband; but the children may, by suit in equity, enjoin proceedings upon the execution until partition is made, &c.  2 Ala. R. 152.  But where the terms of a deed of gift by a father to his daughter and her children, were such, that the interest of the daughter could not be disposed of without disturbing the provision made for the children, defeating the expressed intention of the donor, it shall not be sold under execution to satisfy a judgment against a husband, who the daughter married after the gift was made.  9 Ala Rep. 999; 10 Ib. 328.

In legal effect, marriage is a gift to the husband of all the wife's chattels in her possession, and of her choses in action, if he reduce them into possession; but if they are not reduced into possession by the husband during coverture, they remain the property of the wife, on the dissolution of the marriage.  The husband cannot, in virtue of his marital rights, be considered a purchaser of the equitable interests or choses in action of the wife; consequently these cannot be subjected in a court of equity by the creditors of the husband to the payment of their demands.  10 Ala. Rep. 400.  The creditors of the husband have no greater right than he himself has to the property of his wife not reduced into possession; if therefore, the husband, before he is let into the possession of the wife's estate, disclaims or releases to her guardian the title and possession of the same, the property cannot be seized and sold under an execution at the suit of the husband's creditors.  10 Ala. Rep. 460; 3 Stewart's Rep. 172; 9 Por. Rep. 636.

Where the wife has a separate estate in slaves, and the husband and herself live together, the possession of the husband is the possession of the wife.  10 Ala. Rep. 682.  The profits derived by the wife from her separate estate are her property, and may be disposed of or invested by her as she pleases; and property acquired by purchase with her income, is not subject to the payment of her husband's debts; especially if she has not allowed it to go into his hands, or be subject to his control.  If the husband merely expends

his personal labor in the improvement of his wife's separate estate, the estate is not thereby made a debtor to the husband, nor can his creditors charge it with the value of the laborer. 11 Ala. R. 386.

In Miller v. Eatman, 11 Ala. R. 609, it was decided that the legal title to the personal property of one dying intestate, can only be derived through an administrator, and until distribution is made of such property, no action can be maintained for its recovery by the distributee against a person who may obtain the possession of it. See also, 1 Stewart's Rep. 536; 7 Ala. Rep. 9; Phillips v. McGrew, 13 Ala. Rep. 265.

It cannot be assumed from the fact that George had been in possession of the estate left by the former husband of his wife, that the garnishee was his debtor, or that the garnishee held any part of that estate for his benefit, so as to subject it to his debts. The possession of George was not as husband; for the estate had not been distributed under an order of court, or by consent of the parties interested. In fact, there could have been no such consent, as the distributees, with the exception of Mrs. George, were under the age of twenty-one years. To invest the husband with the legal title to the wife's estate, his possession must be *quasi* husband. We have seen, that the distributees of one dying intestate, do not immediately upon his death, acquire a legal title to the personal property which he left; but this can only be regularly acquired through an administrator. The possession of George being without legal authority, and there having been no distribution of the estate, so as to invest his wife with the share that should have been allotted to her, neither himself, nor a creditor of his, can claim any rights deducible from such possession.

But even if, for the time being, a creditor of George could have claimed any benefit from his possession, the relinquishment by George of that possession to the garnishee, and the fact of his indebtedness to the estate, would prevent the creditor from subjecting his wife's interest, until distribution was made.

The creditors of the defendant in execution are not entitled to any part of the profits of the plantation, not only for

the reason that Mrs. George had no separate interest in the estate of her deceased husband, but because the garnishee affirms that the plantation and hands with which it was cultivated were the property of himself, sister, and half-brother. If the garnishee has contributed to the support of his stepfather and family, this does not indicate that he has lent himself to delay, hinder and defraud the creditors of the stepfather, or that he holds property which is subject to. his creditors' demands; and certainly cannot make him a debtor to the object of his bounty.

In respect to the receipts at the Shelby springs, they must be held by the garnishee in trust for his mother, or whoever may be entitled to them. True, until the deed was executed, as contemplated by the donors, the gift would be incomplete, and perhaps could not be enforced, if they were to refuse to execute it. But in the mean time George would acquire no interest in the profits derived from the enjoyment of the property by the garnishee, by permission of his mother and the donors.

The garnishee denies that he is in possession of the slave Balaam, or has had the benefit of his labor, or received hire for him from the mortgagee. As for Charles, he was purchased by the defendant in the judgment, with the funds of the garnishee, and has been received by the latter as a part of his estate. There is then no ground for charging the garnishee in respect to either of these slaves.

It is not shown by the record, that the plaintiffs had a lien on the horse, barouche, or piano, when the garnishee purchased them of George; if they had, and they can be found, they might be seized and sold under execution. We cannot intend, in opposition to the uncontradicted denial of the answer of an indebtedness, &c. by the garnishee, that he is liable to the plaintiff for their value; besides, it does not appear what was their value.

This view is decisive of all the questions arising upon the garnishee's answer, and shows that there was no legal demand for money, or other thing which the plaintiff is entitled to recover under his garnishment. It is wholly immaterial what was the consideration of the debt on which the

judgment was rendered.    The plaintiffs have treated it as a demand against the defendant in the judgment; and if there are any equitable grounds, (which the record does not disclose,) for giving them a lien upon the garnishee's estate, they cannot be noticed under a proceeding by garnishment.

We have but to add, that the judgment of the circuit court is affirmed.