# McAfee *v*. Arnold & Mathis.

### *Bill to Declare a Preference.*

(Decided April 16, 1908.    Rehearing denied June 18, 1908.
46 South. 870.)

1. *Bankruptcy; Custody of Property; Action Against Receiver; Consent of Court.*—A bankruptcy estate being administered by the Federal Court, where the property is in the hands of the court, is not subject to garnishment without the consent of the court.

2. *Same; Involuntary Proceedings; Petition; Jurisdiction; Amendment.*—Where the petition alleged that the petitioners were creditors of a company in a sum certain, that the company's principal place of business was within the jurisdiction of the court to which the petition was addressed, that the bankrupt had committed defined acts of bankruptcy within four months of the filing of the petition and praying for the appointment of a receiver to take possession, the omission from the petition of the statement that the bankrupt was such a corporation as could be declared an involuntary bankrupt, was merely descriptive of the alleged bankrupt and did not render the petition insufficient to invoke the jurisdiction of the court; in any event it was an amendable defect.

3. *Same; Custody of Property; Receiver; Authority; Appointment by Referee.*—Where the petition was filed on April 8, 1904, and on the same day the clerk of the court certified that the judge of the court was without the district, and on April 9, the referee appointed a receiver to take charge of the bankrupt estate, such appointment was valid and binding and the property in the hands of a receiver was in possession of the court so as to render an attachment and garnishment proceeding sought to be afterwards levied on the property void and of no effect.

4. *Garnishment; Proceedings; Answer; Failure to Controvert; Effect.*—Where the garnishment was served upon a receiver of a bankrupt estate and the receiver answered that he held the property as receiver of the bankrupt estate under the appointment of the court, and the answer was not contested at the time at which it was filed, and no motion was made for an extension of time in which to contest the answer, under the provisions of sec. 2196, Code 1896, the answer must be taken as true; and hence, the creditor could not assert a lien by virtue of the garnishment proceedings as the property was then in the custody of the court through its receiver.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

36 C

Bill by W. H. McAfee, as assignee in bankruptcy, against Arnold & Mathis. From a decree confirming the report of the register, allowing a preference to certain claims and giving a lien against the estate, the assignee appeals. Reversed and remanded.

Arnold & Mathis filed their claim in the sum of $930.-37, and in support thereof alleged that on the 11th day of October, 1904, suit was instituted in their behalf in the city court of Birmingham against the McAfee Company by attachment, and that on said date a writ of attachment issued from said court against the said McAfee Company, with commands to levy, etc., and that under said writ of attachment a sheriff's garnishment was levied, in behalf of petitioner, upon all the property, effects, chattels, things in action, or other property of the McAfee Company, (1) upon the Atlantic & Birmingham Air Line Railway, and (2) upon F. H. Allison, a resident of Jefferson county, Ala.; that by an agreement of the assignee of the McAfee Company petitioners have been allowed the right to discontinue or stay proceedings in the city court of Birmingham without prejudice to themselves, and to propound their claims, accounts, and proofs against the estate of the McAfee Company in and before this honorable court, there to have adjudicated the correct amount of petitioners' account or claim, together with such liens as they may have secured in such city court, in all respects as though in this court petitioners were still prosecuting their claim in said city court. Petitioners claim a lien to the extent and value of their claim, interest, and costs in and upon all money due or which was to become due to the McAfee Company at the time of the service upon the Atlantic & Birmingham Air Line Railway Company, and upon all the machinery, property, and effects of the McAfee Company in the possession or under control of said railway company

[McAfee v. Arnold & Mathis.]

at the time of the service of the garnishment. Petitioners set up claim, and submit to this court its claim of lien upon all property of the McAfee Company, both personal and otherwise, which was on the 18th day of October, 1904, at the time of the service of said sheriff's garnishment, in the hands of, under the control of, or in the possessoin of F. H. Allison; and petitioners show that the sum of $8,049.94,, which is first listed as an asset in the hands of W. H. McAfee, assignee, in a certain inventory filed and recorded in this cause, is a sum of money received by said W. H. McAfee on the 15th day of November from F. H. Allison under a decree of the United States District Court rendered on said date, and petitioners aver that said sum of money was the property of the McAfee Company at the time and upon the date of the service of the said garnishment notice upon said F. H. Allison in behalf of petitioners, and that on said date the same was in the hands of, or under the control of, or in the possession of said F. H. Allison, and that said sum of money is under the jurisdiction of this court and now in possession of said W. H. McAfee as assignee; and petitioners show that their garnishment was levied upon said fund while in the hands of said Allison prior to the making of the general assignment for the benefit of creditors, and that by said levy of said garnishment petitioners obtained a lien upon said fund dating from the service of said notice to garnishee, F. H. Allison, and petitioners claim this lien. In answer to the petition the assignee set up that at the time of the issue and service of the garnishment upon Allison he had charge of the property as a receiver in the United States District Court under a decree adjudging the McAfee Company a bankrupt and that he did not have charge of the property in any other way or manner than as such receiver. The proceedings in bankruptcy were introduced in evi-

dence, as fully appears in the opinion of the court. The register reported, allowing the account as a preferred claim and lien account against the estate being administered. Exceptions were filed to this report as to the liens, and these exceptions were overruled by the de‐ cretal order of the chancellor, and the report of the register was confirmed.

JOHN W. TOMLINSON, for appellant. No brief came to the Reporter.

W. E. FORT and B. S. CATCHINGS, for appellee.—No brief came to the Reporter.

McCLELLAN, J.—The lien, adjudged below to ex‐ ist in favor of appellees, and to effectuate which the decree appealed from was entered, and against which error is appropriately assigned, depends, it is insisted by appellees, upon the inquiry whether the estate of the McAfee Company was, at the time the writ of garnish‐ ment at the suit of appellees, issuing out of the city court of Birmingham, in custodia legis of the District Court of the Northern Division of the Northern Dis‐ trict of Alabama, since and if so, without the previously secured consent of the court so to do, no suit could be instituted, nor process validly run in or emanating from another court against the receiver of the estate in his hands.—*Barton v. Barbour,* 104 U. S. 126, 26 L. Ed. 672; High or Receivers, §§ 254, 254a, 254b. Such was the case, unless the proceedings by the referee of that court and of the court were void.

The petition alleged that the petitioners were credi‐ tors of the company in a requisite sum, that its princi‐ pal place of business was within the territorial juris‐ diction of the court, and that within four months of

the filing of the petition an act of bankruptcy had been committed, defining it, and praying, under necessity, the appointment of a receiver to take possession at once of the property of the alleged insolvent. It did not appear from the petition that the McAfee Company was such a corporation as could be declared an involuntary bankrupt. But this omission, merely descriptive of the alleged bankrupt, was clearly amendable; so that the jurisdiction of the court was invoked. Call on Bankruptcy, p. 210; Loveland on Bankruptcy, pp. 182-184; 5Cyc. p. 300, and note.

The petition was filed on April 8, 1904, and on that date the clerk of the District Court certified that the judge thereof was absent from the district, which certificate was on that date indorsed "Filed" by the referee. It also appears, from a memorandum indorsed on the petition, that affidavits of the truth of the allegations of the petition were exhibited with it. On April 9, 1904, the referee appointed F. H. Allison receiver of the McAfee Company, requiring appropriate bonds of both the petitioners, or some one of them and of the receiver named. The mandate directed the receiver to take immediate possession of the property of the alleged insolvent and to hold it subject to the orders of the court. In Loveland on Bankruptcy at page 95, it is said: "It is properly within the province of the judge to take possession and release the property of the bankrupt. Yet the referee is clothed with this power, provided the clerk issues a certificate showing the absence of the judge from the judicial district, or the division of the district, or his sickness or inability to act. This language evidently means that the referee has the same power to act in cases properly referred to him as the judge has when no reference is made." And on page 96 the same author says: "The referee may appoint a

[McAfee v. Arnold & Mathis.]

receiver or marshal, upon application of parties in interest, in case it shall be necessary for the preservation of the estate, to take charge of the property of the bankrupt at any time after the filing of the petition and until it is dismissed or the trustee is qualified." Bankr. Act July 1, 1898, c. 541, § cl. 4, 30. Stat. 555 (U. S. Comp. St. 1901, p. 3436) ; Collier on Bankruptcy, p. 303, subd. 3. We understand the district judge in *Re Flocken* (D. C.) 107 Fed. 241, to so interpret the bankrupt act. Indeed, we know of no ruling denying the jurisdiction of the referee, after the proper certification of the absence of the judge, which is said to, perhaps, be treated by the act as an order of reference to appoint a receiver in cases of necessity therefor. Given the jurisdiction in the premises, it certainly cannot be a matter of doubt that, if the appointment was premature or ill-advised, it was merely erroneous, and not void. We therefore conclude that the suit begun by garnishment in the city court and pending the existence of the receivership was void and afforded no sort of lien right in the appellees. The order of the federal court dismissing the petition for want of jurisdiction does not purport to establish, as it could not, if without jurisdiction to proceed to adjudication of the bankruptcy of the company, a lien in favor of appellee, but simply declared that the alleged leinors, appellee among them, should not be prejudiced in respect of their rights by the action of the District Court.

In response to the writ of garnishment from the city court Allison answered, in entire acquittance of himself from any liability, present or prospective, to the McAfee Company, and that he held the property thereof as receiver of the District Court. This answer was not, as here appears, contested in any way. No contest, in accordance with Civ. Code 1896, § 2196, of the answer

having been instituted at the term it was filed, and no extension to contest being given, the answer must be taken as true.—*Johnson v. Spaight*, 14 Ala. 27. On this phase of the case the appellees are also without the lien asserted in the premises.

The exceptions to the report of the register, questioning its correctness with respect to the alleged lien of appellees, should have been sustained. The decretal order of May 16, 1906, confirming the report of the register, was therefore erroneous; and the decree of May 29, 1906, is reversed, and the cause is remanded for the further administration of the insolvent estate with regard to the conclusion above expressed.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.

### ON REHEARING.

TYSON, C. J.—On a re-examination of the question presented, I prefer to place my concurrence in the reversal of the decree upon the point that money or other personal property of defendant in garnishment in the hands of the receiver, the garnishee, was not subject to the writ of garnishment, and therefore the garnishing creditor, appellee, acquired no lien upon such money or personal property belonging to the debtor under that process; and this is true whether the appointment of the receiver was valid or void for want of jurisdiction. There is no statute which authorizes the garnishing of a receiver, and the case must be determined adversely to appellees upon the principle that his debtor could not have maintained indebitatus assumpsit against the receiver if the appointment was valid, and, if void, the debtor had the election to pursue the receiver in an

action for a tort, or to waive the tort and pursue him for money had and received, if the property was money or if personalty which has been converted into money.

The right of election pertains only and exclusively to the debtor, and cannot be made by the creditor. If the personalty was not converted into money by the receiver, and his appointment was void, the debtor had the right to pursue him as a trespasser, and as a trespasser the receiver could not be charged as a garnishee. Section 2171 of Civ. Code 1896; *Cunningham v. Baker*, 104 Ala. 160, 16 South. 68, 53 Am. St. Rep. 27, and cases cited.

