# Sun Insurance Co. of N. O. *v.* Doster-Northington Drug Co.

## *Assumpsit.*

(Decided Dec. 16, 1909. 51 South. 414.)

1. *Garnishment; Judgment; Default Judgment.*—Construing sections 4320, 4324, 4325 and 4327, Code 1907, it is held that where garnishee answered denying indebtedness default judgment cannot be entered against him before an issue was made on such denial.

2. *Same; Burden of Proof.*—Where the garnishee answer denying indebtedness, and a contest is made thereon, the burden is on the contestant to show such indebtedness.

3. *Same; Judgment; Default.*—An ordinary default judgment against the garnishee with writ of inquiry executed are not adapted

to the proceedings in garnishment, since garnishment is the proceedings by which funds in the hands of another due a debtor are made liable for his debts.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Assumpsit by the Doster-Northington Drug Company against O. H. Saxon, in which the Sun Insurance Company of New Orleans was made garnishee. Judgment by default was taken against Saxon, and, the answer of the Sun Insurance Company denying the indebtedness being contested, a judgment against the garnishee by default was rendered, which recited that the garnishee failed to appear and answer the contest of the answer of said garnishee. The garnishee appeals. Reversed and remanded.

CULLI & MARTIN, for appellant. The court erred in the judgment rendered.—*Curtis v. Parker*, 136 Ala. 222. —*D. C. & N. O. Ry. Co. v. Craft*, 97 Ala 522 The burden was on the contestant.—*Curtis v. Parker, supra*, and cases there cited; *Lehman-Durr Co. v. Hudmon Bros.*: 79 Ala. 534.

GEORGE D. MOTLEY, for appellee. The judgment of the court should be affirmed.—*Lehman v. Hudmon*, 85 Ala. 135; *Birmingham Nat. Bank v. Mayer*, 104 Ala. 634; Sections 4055, 4319 and 4345, Code 1907; *Security Loan Assn. v. Weems*, 69 Ala. 584.

MAYFIELD, J.—A judgment by default cannot be rendered against a garnishee who has fully answered and denied all indebtedness or liability. Garnishment is purely a statutory proceeding, and judgment by default against the garnishee is not provided for in our statutory proceedings; and certainly such judgment is unwarranted, after the garnishee has answered fully, as

required by the statute and as directed by the writ, and in such answer has denied all indebtedness and all possible liability to the defendant. If the garnishee fails to appear and answer, the statute (section 4324 of the Code of 1907) provides for a conditional judgment only to be rendered against him, and for notice to be served on him requiring him to answer within the first three days of the next term of the court, and if he fails after notice, etc., the conditional judgment is made final. In case the garnishee answers indebted, the statute provides for judgment on such answer.—Code 1907, § 4320 et seq. The statute also provides for the plaintiff or defendant in the main suit to contest the answer of the garnishee (Code 1907, § 4325 et seq.), and provides for. judgment on such contest. Code 1907, § 4327. The statutes do not provide for judgment by default, such as was rendered against the garnishee in this case.

The garnishee having fully answered, denying all indebtedness or liability to the defendant, and the plaintilff having controverted the answer of the garnishee, by making oath that "he believes it to be untrue," as provided by section 4325 of the Code, an issue should have been made up under the direction of the court, in which the plaintiff alleged in what respect the answer was untrue; and if required by either party a jury may be impaneled to try such issue. If the issue is thus made up under the direction of the court, and the plaintiff alleges in what respect the answer is untrue, and the garnishee should, after proper notice, fail to enter into or proceed with the contest, a judgment nil dicit could probably be rendered against him; but certainly a judgment by default should not be rendered against him, before an issue is made up and without the plaintiff's alleging in what respect the answer is untrue, because the statute requires this much to be done before any judgment

in such case can be rendered. In a case like this, on a contest of the answer which denies all indebtedness or liability, the burden of proof is upon the plaintiff to show a debt or liability due from the garnishee to the defendant.—*Curtis v. Parker*, 136 Ala. 221, 33 South. 935.

When the answer of the garnishee is contested by plaintiff, he must tender an issue, and until that issue is tendered he cannot claim a judgment by default. The answer denying all liability or indebtedness, of course no judgment could be rendered on it against the garnishee for any amount. The mere fact that it was controverted only authorized a contest, not a judgment by default. The plaintiff is then in no better condition against the garnishee than it would be against a defendant whom he had brought into court, but against whom he had filed no declaration or complaint. As was well said by Chief Justice Stone, in the case of *Lehman-Durr Co. v. Hudson Bros.*, 79 Ala. 535: "Garnishment is a suit, but not for the collection of a debt due from the garnishee to the plaintiff." It asserts no such claim. It is a proceeding by which a debtor's dues are attached and made liable to his debts. Ordinary judgment by default and writ of inquiry executed are not adapted to its administration.

It is unnecessary to pass upon the other questions. They have in each case been waived, or are unnecessary to a decision. The judgment is reversed, and the cause is remanded, on the authority of *Lehman-Durr Co. v. Hudson Bros.*, *supra*, and *Elmore v. Simon*, 67 Ala. 526.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, and McCLELLAN. JJ., concur.