(104 So. 334)

**SHEPHERD MOTOR CO. v. HENDERSON LAND & LUMBER CO. (6 Div. 378.)**

(Supreme Court of Alabama. April 9, 1925. Rehearing Denied May 21, 1925.)

1. **Garnishment** ☞151—Plaintiff's remedy, where garnishee's answer denies indebtedness but is evasive or defective, stated.

If garnishee's answer denies indebtedness, yet is evasive or defective and not in accordance with Code 1907, § 4319, under sections 4316 and 4325 it may be stricken from file on motion or treated as nullity, and conditional judgment rendered against garnishee, or an oral examination of garnishee required as matter of right, or answer contested in manner provided by statute, but no final judgment can be rendered upon it.

2. **Appeal and error** ☞1040(13)—Overruling plaintiff's demurrers to garnishee's amended answer, if error, not reversible.

A formal pleading by demurrer to a defective, insufficient, or evasive written answer of garnishee, not being contemplated by practice and statutes, the overruling of plaintiff's demurrers to garnishee's amended answer, if error at all, was not reversible.

3. **Garnishment** ☞158—Plaintiff's written contest of garnishee's amended answer held properly stricken.

Where plaintiff's written contest of garnishee's amended answer was fatally defective because not verified by oath of either plaintiff or its agent or attorney, and failed to allege that plaintiff believed garnishee's amended answer was untrue, as required by Code 1907, § 4325, *held* that court did not err in striking such contest.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Garnishment ☞180—Judgment in favor of plaintiff and against garnishee held properly refused, where only garnishee's uncontroverted amended answer denying indebtedness before court.**

Where, after plaintiff's written contest of garnishee's amended answer was stricken, plaintiff did not request oral examination of defendant in open court, as permitted by Code 1907, § 4816, nor ask leave to file contests of amended answer, as permitted by section 4325, there was nothing before court except garnishee's amended answer denying indebtedness, which was uncontroverted under section 4325, and court properly refused to render judgment against garnishee and in favor of plaintiff.

**5. Garnishment ☞148—Garnishee's answer denying liability taken as strictly true, unless denied in manner provided by statute.**

Garnishee's answer denying indebtedness must be taken as strictly true, unless a contest of it is instituted as provided by Code 1907, § 4325, and, where plaintiff's written contest was stricken because fatally defective, evidence as to garnishee's indebtedness to defendant, which was not presented on issue made up under direction of court, would not justify court in rendering judgment against garnishee.

**6. Garnishment ☞187—Conditional judgment rendered against garnishee held properly set aside.**

Where garnishee appeared and filed, by leave of court, an amended answer denying liability, within time allowed by Code 1907, § 4325, court properly set aside conditional judgment which had been theretofore rendered against garnishee.

**7. Garnishment ☞158, 165—Plaintiff held to have waived right to controvert garnishee's answer at any time during term; court held to have properly discharged garnishee after striking plaintiff's written contest.**

Where plaintiff, after its written contest of garnishee's amended answer was stricken, did not request court to allow it to amend contest and verify it by oath or file another contest, but requested court to render final judgment in its favor on amended answer, *held* that plaintiff thereby waived its right, under Code 1907, § 4325, to controvert garnishee's answer at any time during term, as designated by Gen. Acts 1915, p. 707, § 1, and hence court did not err in discharging garnishee.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Action on promissory notes and account by the Shepherd Motor Company against C. B. Drennen, and garnishment against the Henderson Land & Lumber Company. From a judgment discharging the garnishee, plaintiff appeals. Transferred from Court of Appeals under section 7326, Code 1923. Affirmed.

. Jones, Jones & Van de Graaff, of Tuscaloosa, for appellant.

The garnishee's answer must include all debts owed to defendant at the time of service, and until a valid answer is filed and garnishee discharged or judgment rendered. 20 Cyc. 986, 1066, 1069; Furnace Co. v. Rogan, 95 Ala. 594, 11 So. 188; 28 C. J. 253; Robinson & Davenport v. Starr, 3 Stew. (Ala.) 90; Dothan Gro. Co. v. Wofford & Son, 200 Ala. 490, 76 So. 432. Where defendant remains in employ of garnishee, the latter is liable to plaintiff for the amount paid to defendant between the date of service of garnishment and date of discharge. Ely v. Blacker, Gerstle Co., 112 Ala. 311, 20 So. 570; Steiner Bros. v. First Nat. Bank, 115 Ala. 379, 22 So. 30; Montgomery Co. v. Wertheimer-Swarts Co., 2 Ala. App. 403, 57 So. 54; Jenkins v. Leader, 9 Ala. App. 116, 62 So. 370. An answer not verified is void, and a subsequent sworn answer is effective only from time filed, and any amount becoming due in the meantime is subject to the writ. Steiner Bros. v. Bank, supra. The trial court properly entered conditional judgment against the garnishee, and final judgment should have followed. D. C. & N. O. v. Crass, 97 Ala. 519, 12 So. 43; Scales v. Swan, 9 Port. (Ala.) 163; 20 Cyc. 1118.

Foster, Rice & Foster, of Tucaloosa, for appellee. -

If the garnishee's answer was irregular, plaintiff should have moved to strike or reject it. The only right given by the statute is to contest or require oral answer. Jefferson County Sav. Bank v. Nathan, 138 Ala. 342, 35 So. 355; Steiner Bros. v. First Nat. Bank, 115 Ala. 379, 22 So. 30; Code 1923, §§ 8067, 8076; 28 C. J. 297. Plaintiff's contest of answer must be verified. Code 1923, § 8076; Brake v. Curd-Sinton Co., 102 Ala. 339, 14 So. 773; 28 C. J. 306. Garnishment lien does not attach to any debt contracted after making answer. Henry v. McNamara, 114 Ala. 107, 22 So. 428; Lady Ensly Co. v. Rogan, 95 Ala. 594, 11 So. 188. Where plaintiff does not object to answer within the time allowed, objection is waived. Steiner Bros. v. Bank, supra; Henry v. McNamara, supra; The burden is on plaintiff to show the existence of a debt or subject of garnishment. Jefferson County Sav. Bank v. Nathan, 138 Ala. 342, 35 So. 355.

MILLER, J. The Shepherd Motor Company, Incorporated, sued C. B. Drennen on promissory notes and on account, and secured judgment for $204.60. The plaintiff at the time of filing the suit secured under the statute a writ of garnishment against the Henderson Land & Lumber Company, a corporation, the employer of C. B. Drennen. From a judgment of the court discharging the garnishee on its amended answer and taxing plaintiff with the cost, this appeal is prosecuted by the plaintiff.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The writ of garnishment was served on the president of the garnishee, the corporation, on October 2, 1923, and on the same day the garnishee by its bookkeeper and cashier filed answer in court that "Mr. C. B. Drennen is indebted to the Henderson Land & Lumber Company." The answer was not under oath and not in accordance with section 4319, Code 1907. The plaintiff on March 4, 1924, took conditional judgment or judgment nisi against the garnishee. On May 27, 1924, by agreement of the parties, the garnishee appeared as if service of the conditional judgment had been perfected, and was allowed through May 27, 1924, in which to appear and defend. The plaintiff then on May 27, 1924, by leave of the court, amended its affidavit, by which it secured the writ of garnishment, and the sheriff's return on the writ was amended by permission of the court on application of the plaintiff. The garnishee was then permitted by the court to amend its answer to the writ which was filed on October 2, 1923. It answered by stating the defendant was indebted to the garnishee at said date, October 2, 1923. in the sum of $50, and denied liability to defendant by contract or otherwise at that date. This answer was verified by affidavit and complied with section 4319, Code 1907. as to authority of the affiant, with knowledge of the facts, to make the answer.

The plaintiff demurred to this amended answer of the garnishee because it fails to state that garnishee was not indebted to the defendant between October 2, 1923, when the writ was served on it, and May 27, 1924, when the amended answer was filed, and because it failed to state it was not indebted to the defendant between October 2, 1923, when the writ was served on it, and March 4, 1924, when the conditional judgment was rendered against it. The court overruled this demurrer, and it is the first error assigned.

[1] If the answer of the garnishee denies indebtedness, yet is evasive, defective, or insufficient, it may on motion be stricken from the file for that cause, or it may be treated as a nullity, and a judgment nisi rendered against the garnishee or an oral examination of the garnishee may be required as a matter of right as the statute provides, or the answer may be contested in the manner provided by the statute, but no final judgment can be rendered upon it. Scales v. Swan, 9 Port. 163; Mims v. Parker, 1 Ala. 424; White v. Kahn, 103 Ala. 308, 312, 15 So. 595; sections 4325, 4316, Code 1907; Steiner Bros. v. First Nat. Bk., 115 Ala. 379, 388, 22 So. 30; Jefferson County Savs. Bank v. Nathan, 138 Ala. 342. 35 So. 355.

[2] The practice and the statutes do not contemplate formal pleading by demurrer to a defective, insufficient, or evasive written answer of the garnishee. So we must hold the court committed no reversible error, if error at all, in overruling demurrers of plaintiff to the amended answer. Authorities supra.

[3] The plaintiff on May 27, 1924, filed in court a written contest of the amended answer of the garnishee, and tendered in the written contest the issues, and asked therein for final judgment for plaintiff against the garnishee for $204.60, or a part thereof. The garnishee filed motion in writing to strike this contest of the amended answer from the files. The court granted the motion, and this ruling of the court is assigned as error. In this ruling the court did not err. This written contest of the amended answer of the garnishee was fatally defective, and was insufficient for the purpose of a contest. It was not verified by the oath of either the plaintiff, its agent or attorney, as the statute requires for the institution of a contest, and it failed to allege that he believed the amended answer of the garnishee to be untrue, as the statute requires. Section 4325, Code 1907; Brake v. Curd, etc., Mfg. Co., 102 Ala. 339, 14 So. 773; Donald v. Nelson, 95 Ala. 111, 10 So. 317; Ala. Nat. Bank v. Chattanooga Co., 106 Ala. 663, 18 So. 74.

[4] The court then by an order refused to render final judgment in favor of the plaintiff and against the garnishee. This order of the court is assigned as error. After the written contest of the amended answer of the garnishee was stricken from the file, the plaintiff did not request an oral examination of the defendant in open court as the statute permits (section 4316, Code 1907); and the plaintiff did not ask leave to file a contest of the amended answer of the garnishee in the form and manner as the statute allows (section 4325, Code 1907). There was nothing before the court, except the amended answer of the garnishee denying indebtedness by it to the defendant, which was uncontroverted under the statute. Section 4325, Code 1907. No judgment could be rendered then by the court against the garnishee with that written answer on file, denying liability, and the court did not err in refusing to render judgment against the garnishee and in favor of the plaintiff. Sun Ins. Co. v. Doster-Northington Co., 164 Ala. 572, 51 So. 414; Johnson v. Spaight, 14 Ala. 27; McAfee v. Arnold, 155 Ala. 561, 46 So. 870; and authorities supra.

[5] It is true there is some evidence by a witness, shown by the bill of exceptions, indicating the garnishee, after filing the original answer on October 2, 1923, and before filing the amended answer on May 27, 1924, became indebted to the defendant, but for these and probably other reasons this evidence would not justify the court in rendering judgment against the garnishee. This evidence was not presented to the court on

an issue made up between the parties under direction of the court, based on a contest of the amended answer instituted under the statute. (Section 4325, Code 1907). There was no contest of the amended answer on file in the cause. It had been stricken from the file by the court. And it does not appear from the bill of exceptions on what motion or issue, if any, this evidence was introduced. The answer of the garnishee must be taken as strictly true, unless a contest of it is instituted in the manner provided by the statute. Johnson v. Spaight, 14 Ala. 27; McAfee v. Arnold, 155 Ala. 561, 46 So. 870; section 4325, Code 1907; Henry v. McNamara, 114 Ala. 107, 22 So. 428; Id., 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183.

[6] The court did not err in setting aside the conditional judgment rendered against the garnishee, as the garnishee appeared and filed by leave of the court an amended answer denying liability within the time allowed. Section 4324, Code 1907; Henry v. McNamara, 114 Ala. 107, 22 So. 428; Talladega Merc. Co. v. McDonald, 97 Ala. 508, 12 So. 34.

[7] Did the court err in entering an order discharging the garnishee? This amended answer of the garnishee, by leave of the court, was filed on May 27, 1924. The plaintiff in writing attempted to contest it. The contest was stricken from the file by the court on motion of the garnishee. The court, by an order entered on May 27, 1924, discharged the garnishee on its amended answer. The plaintiff duly excepted to this order of the court. That term of the court did not end until midnight of the last Saturday in June, 1924. Section 1 of Act 1915 (Gen. Acts 1915, pp. 707, 708). The statute allows the plaintiff to controvert an answer of a garnishee at any time during the term the answer is made. Section 4325, Code 1907; Cross v. Spillman, 93 Ala. 170, 9 So. 362; Roman v. Dimmick, 123 Ala. 366, 26 So. 214. The contest could have been instituted at any time by plaintiff after the amended answer was filed, and before midnight of the last Saturday in June, 1924. Authorities supra. But the plaintiff waived this further time allowed by the statute to contest this amended answer by interposing a written contest of it, which was stricken by the court, and by failing afterwards to request the court to allow it to amend this contest and verify it by oath, and by failing to file another contest, and by requesting the court to render a final judgment in its favor against the garnishee on the amended answer. Roman v. Dimmick, 123 Ala. 366, headnote 3, 26 So. 214, and authorities supra.

So, under these circumstances, we must hold the court did not err in discharging the garnishee on its amended answer denying liability as aforesaid, which the plaintiff did not controvert as the statute permits. Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183, and authorities supra.

The court is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.