# Jefferson County Savings Bank *v.* Nathan *et al.*

### *Garnishment Proceedings.*

1. *Garnishment; when judgment recovered on answer of garnishee.* Judgment can not be recovered against a garnishee on the answer, unless there is a distinct admission by him of a legal debt then due or to become due by him to the defendant in the original suit.

2. *Same; how answer of garnishee construed.*—The answer of a garnishee is taken as strictly true, and if it denies indebtedness, that denial may be overcome by facts stated in the answer, when they show that the general denial is untrue; but in order for this to be done, the particular facts stated must clearly and distinctly disclose the liability of the garnishee.

3. *Garnishment; issue upon answer of garnishee; burden of proof.* Where the plaintiff in a garnishment su.. is not satisfied with the answer of the garnishee, he should contest it by alleging in what respect the answer is untrue; and on the trial of the issue thus made, he may examine the garnishee, and the burden is on him to make out his case.

4. *Same; answer of garnishee; can avail himself of set off.*—In making his answer, the garnishee is entitled, in estimating his liability to the debtor, to the benfit of any set off which could be made available by way of set off in any of the modes provided by law, if the proceeding were one directly against the garnishee by a creditor for the enforcement of his liability.

5. *Same; same; how answer considered.*—As to the admissibility of the statements of a garnishee in making an oral answer, such statements are not to be measured by the rules of law as to the admission and rejection of evidence; they are more in the nature of pleading; and the garnishee is entitled to state the facts in reference to the alleged indebtedness.

6. *Same; same.*—Where a bank has been garnished, and after making written answer it is required to answer orally, it is permissible for such garnishee, in answering orally through its president, to state that the defendant in the original suit was indebted to the bank, as was evidenced by his promissory

note, and that although such defendant was employed by the bank, there was an agreement between him and the bank that his salary was to be applied to the payment of his indebtedness; and this is true, although the agreement was reduced to writing and was not produced, nor was the note produced.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. ED. B. ALMON.

This was a garnishment proceeding. The appeal is prosecuted by Jefferson County Savings Bank from a judgment rendered by the circuit court against it upon its oral answer as garnishee.

The facts and rulings of the court are sufficiently stated in the opinion.

. KIRK, CARMICHAEL, & RATHER, for appellant.—The court below erred in rendering judgment for plaintiff against the garnishee on its answer, because the answer showed that garnishee was not indebted to the defendant. There was no contest of the oral answer made by the garnishee. The contention of the plaintiffs was that the denials in the oral answer were overcome by other facts stated by the garnishee, and they asked a judgment on the answer.—*Allen v. Morgan,* 1 Stew. 9; *Robinson v. Repelye,* 2 Stew. 86; *Price v. Thompson,* 11 Ala. 875, and authorities cited.

When the answer of a garnishee is not contested, judgment must be rendered on the facts stated in it as if they were true; and if he does not admit an indebtedness for which an action of debt or *idebitatus assumpist* would lie, or the possession of property subject to the garnishment, he is entitled to be discharged.—*Hurst & P. Co. v. Home Protection Fire Insurance Co.,* 81 Ala. 174.

The answer of the garnishee is not evidence; it is simply an admission and he has the right to make his answer in his own way.—*Myatt v. Lockhart,* 9 Ala. 91; *Seviers case,* 33 Ala. 512; *Reynolds v. Collins,* 78 Ala. 94; 31 Ala. 507.

There was error in entering judgment against the garnishee. The oral answer taken as a whole does not show a liability to defendant, which could be reached by garnishment.—*Hurst v. Ins. Co.,* 81 Ala. 174, *supra;*

*Hall v. Magee & Reid,* 27 Ala. 414, 97 Ala. 522; 3 May-field's Dig. p. 904, § 322; *White v. Kohn,* 103 Ala. 312.

THOS. R. ROULHAC, *contra.*—The court did not err in refusing to allow the president of the bank to testify as to facts contained in the written agreement and note, without producing the note.—*Street v. Kelly,* 67 Ala. 478; *Whilden v. M. & P. Bank,* 64 Ala. 1; *City Council v. Hickman,* 57 Ala. 338; *Perryman v. City of Green-ville,* 51 Ala. 507; *Gordon v. Tweedy,* 71 Ala. 202; *G. P. R. R. Co. v. Propst,* 90 Ala. 1.

HARALSON, J.—On the 8th of March, 1902, the Jefferson County Savings Bank was garnished by J. H. Nathan and R. H. Wilhoyte, as debtors to one Eugene F. Enslen, against whom plaintiffs had recovered a judgment.

C. F. Enslen was the president of the garnishee, the Savings Bank. He answered in writing for the bank, on the 2d of April, 1902, in which he denied the indebtedness of the bank to said Euguene F. Enslen, by contract existing at the time of the service of the garnishment or since. His answer was unobjectionable as a general denial of the liability of the bank as garnishee on any account.

On the 10th of April, 1902, J. H. Nathan, one of the plaintiffs in garnishment, filed a contest of the truth of this answer, but no issue, so far as appears from the record, was formed as to that answer; and the proceedings that subsequently followed were not upon it.

On the 18th of April, 1902, the plaintiffs moved the court that the garnishee be required to answer orally in open court (under section 2187 of the Code), which allows such an examination, notwithstanding the garnishee had previously filed its written answer denying indebtedness. The oral answer of a garnishee, like a written answer, may be contested by the plaintiff.—*Roman v. Baldwin,* 119 Ala. 257.

A judgment *nisi* had been entered against the garnishee, on May 3d, 1902, returnable to the next term of the court, on account of the failure of the bank, as in-

cidentally appears, to answer by a proper agent, duly authorized to make answer.

At the succeeding term, and on the 27th of June, 1902, in response to the notice *nisi,* said C. F. Enslen, the president of the bank, whose authority to make answer was not questioned, appeared, as the record shows, "and proceeded to make oral answer to the garnishment," stating that he was president of the bank and had been, since its organiaztion in 1885; that the bank was not indebted to defendant, E. F. Enslen, nor was it at the date of the service of the garnishment. His answer was full and explicit in other respects. He stated, that there was no contract existing between said E. F. Enslen and the bank at the time of making the answer, nor at the service of the writ, by which the bank would be indebted to the defendant in the future; that defendant was elected cashier of the bank on the 14th of January, 1902, at a salary of $200 per month. He was proposing to state that at that time, said cashier was indebted to the bank in the sum of $9,000.00, and that there was an agreement between him and the bank that this salary should be credited on his indebtedness at the end of the year; but, because the garnishee also stated, that this agreement was entered on the minutes of the meeting of the stock-holders of the bank, the court, on motion of the plaintiff, excluded said statement, and would not allow it as a part of the garnishee's answer. He also stated that the books of the stock-holders meeting, were in the bank at Birmingham, Alabama, and that no credit of the salary of the defendant had been entered.

The garnishee also offered as a part of his answer, a copy of a note executed by defendant, E. F. Enslen, for the sum of $9,000.00, dated the 5th of December, 1901, payable to the bank in 90 days after date. The plaintiffs objected to the copy of the note as a part of its answer on the ground, that the original should be procured as the best evidence, and the court sustained the objection, and refused to allow the copy of the note as a part of the answer. The garnishee also stated, that the original of which the note was a copy, was in possession of garnishee at Birmingham, Alabama.

The garnishee offered to state that defendant was indebted to the garnishee in the sum of $9,000.00, by note as above stated, but the court, on the objection of plaintiffs, that the garnishee could not state any indebtedness which was evidenced by note, would not allow the proposed statement as a part of the answer.

The following principles applicable here are well settled with us: 1. Judgment cannot be recovered on the answer of a garnishee against him, unless there is a direct admission by him of a legal debt, either then or to become due by him to the defendant in the original suit. *Pressnell v. Mabry,* 3 Por. 105; *Price v. Thomason,* 11 Ala. 877.

Only such debts for which debt or *indebitatus assumpsit* can be maintained against a garnishee, if sued by the defendant in garnishment, can be the subject of condemnation and personal judgment.—*Jones v. Crews,* 64 Ala. 368.

The answer of a garnishee will be taken as strictly true. If it denies indebtedness, that denial may be overcome by facts stated in the answer, when they show that the general denial is untrue; but, in order to reach that result, the particular facts stated must clearly and distinctly disclose the liability of the garnishee.—*White v. Kahn,* 103 Ala. 308, 312; *Price v. Mazange & Co.,* 31 Ala. 701.

If the plaintiff is not satisfied with the answer, he should contest it, alleging in what respect the answer is untrue, and on the trial of an issue taken, he may examine the garnishee, and the burden is on him to make out his case.—*Lehman, Durr & Co. v. Hudmon Brothers,* 79 Ala. 532, 535; *Price v. Thomason,* 11 Ala. 875; Rood on Garnishments, § 369.

The answer, while taken as true until it is shown to be untrue, is not evidence for the garnishee on its contest, but may be used as evidence against him.—*Price v. Mazange Co.,* 31 Ala. 701.

The garnishee is entitled, in estimating his liability to the debtor, to the benefit of any set-off, which, in his hands, could be made available by way of set-off, in any of the modes provided by law, if the proceeding were

one directly against the garnishee by its creditor for the enforcement of his liability.—14 Am & Eng. E. Law, (2d ed.), 845.

2. If what the bank proposed to state in its oral answer was true, it is manifest it owed the defendant nothing, and should have been discharged. If it had set out in its written answer, denying indebtedness, the facts relied on by it to show that it owed defendant nothing, there could have been no possible objection to its doing so. If these facts had been so stated, the plaintiff could not have been heard on motion to strike or reject them. They constituted the very basis of the denial of indebtedness, and surely it was competent for these facts to be stated in the written or oral answer, and a denial of this privilege was an injurious exclusion of the right of the garnishee. Furthermore, it seemed to be lost sight of by counsel for plaintiffs and by the court, that Enslen, the president of the bank, was not being examined as a witness in the case, as on trial of the contest of the answer, but was making answer as garnishee. In making this answer, his statements were not to be measured by the rules of law as to the admission and rejection of evidence. They were more in the nature of pleading. He was entitled to state the facts as part of the bank's answer with which, if the plaintiffs were dissatisfied, they might have contested the answer, and on an issue formed thereon, have examined Enslen as a witness, and tried the issue on his and other evidence. If examined as a witness, his evidence would have gone, not as the answer of the bank, but as his individual evidence, subject to the ordinary rules of law as to its admission or rejectinon.—Rood on Garnishments, § 289, and authorities *supra*. Instead of rendering judgment against the garnishee for $1100.00, the court should have allowed the answer as proposed to be made, and without more, have discharged the garnishee.

Reversed and remanded.