159 So. 86
## COOSA LAND CO. v. STRADFORD.
### 6 Div. 481.

Supreme Court of Alabama.
Jan. 24, 1935.

Wm. S. Pritchard, Thos. H. Fox, and Jas. W. Aird, all of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

GARDNER, Justice.

Plaintiff, Stradford, recovered in 1930 a judgment against the Alabama Lime & Stone Corporation for services rendered, and had issued a garnishment against the Coosa Land Company. The garnishee filed its answer denying indebtedness, and plaintiff demanded an oral examination. Section 8067, Code 1923. E. T. Schuler, president of the garnishee corporation, was orally examined, and judgment went for the plaintiff. On appeal by the garnishee, this judgment was reversed and one here rendered discharging the garnishee, but, upon plaintiff's application for rehearing, the judgment was here modified so as to order a remandment of the cause. Coosa Land Co. v. Stradford, 224 Ala. 511, 140 So. 582, 583.

Upon the next trial (resulting also in a judgment for plaintiff, from which the garnishee prosecutes this appeal), plaintiff sought no re-examination of the garnishee's president, but offered the testimony of garnishee's president Schuler as it was given on the former hearing, and, in addition thereto, the record proceedings of the original suit by plaintiff against the Alabama Lime & Stone Corporation, disclosing that the suit was begun in May, 1926, and was to recover for services rendered defendant as secretary and treasurer of said corporation.

The purpose of this proof was to show plaintiff was an existing creditor of the defendant Alabama Lime & Stone Corporation at the time of the transaction which he insists fixed liability on the garnishee. It was so offered evidently in view of the observation on former appeal that the record did not so disclose, a mere statement of one of the reasons for a failure on plaintiff's part to make out any case of fraud, but in no manner indicating this as a matter of controlling importance. Upon this character of hearing (response to a demand for an oral examination of a garnishee), it may be seriously doubted that such additional proof was admissible.

The grounds of objection interposed, we think, were not well taken, and no assignment of error takes the point.

Under these circumstances, the proof may be considered and the point conceded that plaintiff was such existing creditor at the time. So much as guarding against any committal by this court that other and additional proof is admissible on such a hearing, and as indicating that the consideration thereof here is for the purpose of this case only and under the circumstances above stated. Shepherd Motor Co. v. Henderson Land & Lumber Co., 213 Ala. 195, 104 So. 334.

The applicable legal principles were stated on former appeal, but, in view of the holding of the trial court on this second hearing and the argument in support thereof, we are persuaded there is a misconception of these principles as applied to this case, and some slight elaboration is therefore here justified.

We made reference on the former appeal to the well-established general rule that an indebtedness from garnishee to judgment debtor subject to garnishment means an indebtedness as will sustain an action of assumpsit by the judgment debtor, at the same time noting the exception involving fraud and collusion, citing Nicrosi v. Irvine, 102 Ala. 648, 15 So. 429, 48 Am. St. Rep. 92. But we think something more may be said concerning the particular character of hearing.

There is here no contest of the answer of the garnishee, but merely its oral examination on its answer, denying indebtedness. In Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355, 356 (cited on former appeal), were the following observations, here applicable:

"Judgment cannot be recovered on the answer of a garnishee against him, unless there is a direct admission by him of a legal debt, either then or to become due by him to the defendant in the original suit. * * *

"The answer of a garnishee will be taken as strictly true. If it denies indebtedness, that denial may be overcome by facts stated in the answer, when they show that the general denial is untrue; but, in order to reach that result, the particular facts stated must clearly and distinctly disclose the liability of the garnishee. * * *

"If the plaintiff is not satisfied with the answer, he should contest it, alleging in what respect the answer is untrue, and on the trial of an issue taken, he may examine the garnishee, and the burden is on him to make out his case."

In that case the oral answer was, as here, by the president of the garnishee corporation, in that instance a bank. Speaking of this character of proceedings, the court said: "Furthermore, it seemed to be lost sight of by counsel for plaintiffs and by the court, that Enslen, the president of the bank, was not being examined as a witness in the case,

as on trial on the contest of the answer, but was making answer as garnishee. In making this answer, his statements were not to be measured by the rules of law as to the admission and rejection of evidence. They were more in the nature of pleading. He was entitled to state the facts as part of the bank's answer with which, if the plaintiffs were dissatisfied, they might have contested the answer, and on an issue formed thereon, have examined Enslen as a witness, and tried the issue on his and other evidence. If examined as a witness, his evidence would have gone, not as the answer of the bank, but as his individual evidence, subject to the ordinary rules of law as to its admission or rejection."

Plaintiff rests his case upon the charge of fraud, and in turn this charge is rested in large part upon the assumption that the Coosa Land Company and the Alabama Lime & Stone Corporation are under the same ownership and control. This insistence is based upon the proof that E. T. Schuler, with his brother and son, own all the stock of the Coosa Land Company, and Schuler's affirmative answer to the question, "and the Coosa Land Company owns the stock of the Alabama Lime and Stone Corporation of Delaware?" Previously Schuler had answered to the question, "Who was the principal stockholder of the Alabama Lime and Stone Corporation?" as follows: "The Coosa Land Company." After the close of the argument and completion of the examination of Schuler, counsel for garnishee, insisting that no such answer had been made to the effect that the Coosa Land Company owned all the stock of the Alabama Lime & Stone Corporation, asked Schuler if there were other stockholders of the Alabama Lime & Stone Corporation, to which plaintiff objected. Counsel for garnishee asked permission of the court to show by Schuler that "there are between forty and fifty stockholders in the Alabama Lime and Stone Corporation in addition to the Coosa Land Company," naming some six individuals residing in Birmingham, one in Bessemer, one in Illinois, stating, "And between thirty and forty others who hold eight thousand shares of the common stock, and several thousand dollars worth of preferred stock, among the preferred stockholders being Mr. Stradford, the plaintiff in this case." There was no ruling upon that particular request, but Schuler then answered as follows: "I stated prior to the passage he read that the Coosa Land Company owned the majority of the stock, and when I said 'the stock', I referred to

the stock it did own, the stock previously mentioned. That is what I meant."

Immediately following the record discloses:

"The Court: 'But the Coosa Land Company, as you stated, owns the majority of the stock of the Alabama Lime and Stone Corporation?' A. 'Yes, sir.'

"The Court: 'The controlling stock?' A. 'Yes, sir.'"

Plaintiff's argument here is that the trial court, who saw Schuler thus orally examined, could rightfully accept the first above noted affirmative answer as conclusive, and disregard the correction subsequently made. But, as observed in Jefferson County Savings Bank v. Nathan, supra, Schuler was not being examined as a witness in the case, as on trial of a contest of the answer, but was making answer as garnishee, and his statements were in the nature of pleading and not "to be measured by the rules of law as to the admission and rejection of evidence." If regarded in the nature of pleading, they were of course subject to correction just as pleading is subject to amendment. 28 Corpus Juris, 298. Plaintiff's argument would deny that right.

After the offer of counsel to have Schuler give the names of a number of those owning stock in the lime company, among them plaintiff himself, and after Schuler had explained his meaning, the court from the record indicated an acceptance of the view that it was intended only to state that the Coosa Land Company owned a majority of the lime company stock. But the finding of facts made by the court indicates otherwise.

■■ However that may be, the garnishee in the oral examination had a right to correct any previous statement just as is allowable in the amendment of pleading. And, if plaintiff is dissatisfied with the answer, he can contest the same, but, in the absence of such contest, the "answer of a garnishee will be taken as strictly true." Jefferson County Savings Bank v. Nathan, supra; Shepherd Motor Co. v. Henderson Land & Lumber Co., supra.

■ And it may be added, in view of the argument here advanced, that the record does not indicate the correction was in bad faith. On the contrary, the offer made by counsel, giving the names, with their addresses, of a number of residents of Birmingham as stockholders of the lime company, indicates that in fact Schuler in his previous affirmative an-

swer, above referred to, had inadvertently fallen into an error. All of this proof was before this court on former appeal, and the record evidence thereof merely offered on second trial, with no effort at a re-examination of the garnishee or any officer thereof, nor any effort to interpose a contest of the answer. Schuler was not testifying as a witness, but making oral answer for the garnishee. His corrected statement, therefore, disclosed that the Coosa Land Company only owned a majority of the stock of the lime company. He had the right to correct the statement, a right similar to the right to amend pleading, and subject to like rule as to the matter of discretion of the trial court. This right the trial court accorded him, but, in rendering final judgment, disregarded the corrected statement. This we think was a misconception of the character of the proceedings, and the statement as corrected was due to be accepted as true. So accepted, no liability of the garnishee appears.

But, considered from the broadest viewpoint, and conceding for the moment plaintiff's version of the facts, the result would be the same, and the trial court's conclusion erroneous.

Conceding the ownership by the Coosa Land Company of the stock of the lime company, yet the two corporations are separate entities, and so recognized by plaintiff, who sues the one and has garnishment proceedings against the other. The Coosa Land Company was organized in 1908 by the Schulers. They had no part in the organization of the lime company; the latter having been organized in 1923 by other parties with whom they had no connection. The first transaction between the two corporations was a loan by the Coosa Land Company to the lime company of $41,000, made at the latter's request. This was in the summer of 1925. There were additional loans to largely increase the aggregate, secured by bonds of the lime company. It was in the exchange of some of the bonds for stock whereby the Coosa Land Company acquired its first ownership of the stock of the lime company. The first stock thus acquired was in the summer of 1926. Plaintiff's suit against the lime company in May, 1926, therefore antedated the first stock ownership by the Coosa Land Company, and was for services rendered the lime company, some considerable time before the Coosa Land Company acquired any stock interest. The bonds issued by the lime company and subsequently acquired as a loan collateral by the Coosa Land Company were secured by a mortgage on the real estate, portions of which were sold to third parties whose notes payable to the lime company were transferred to the Coosa Land Company.

This phase of the case plaintiff's argument wholly ignores, though carefully dealt with in the opinion on former appeal. There is no occasion here for further detail as to the facts.

It was held on former appeal that the oral statement discloses no shifting of the debtor's property from one hand to another, but the appropriation of the garnishee's security to the debt secured thereby. No further discussion of this feature of the case is necessary. The following excerpts from our former opinion will suffice for all purposes:

"Without multiplying details, it is sufficient to note that the relations between these two corporations began by a loan of money made by the garnishee corporation to the defendant corporation; that further loans and advancements aggregating more than $500,000 finally led to the acquirement of mortgage bonds of defendant corporation and the ownership of its stock. The bonds were secured by mortgage on the properties sold as first above noted; that, in order to get releases from the mortgage and make good titles to the purchasers, the garnishee corporation surrendered for cancellation bonds in consideration of the assignment of the purchase money notes to like amount.

"So here was the appropriation of the proceeds of property to the debt secured by it; not the passing of the debtor's property from one hand to another, as suggested by appellee, but the appropriation of the garnishee's security to the debt secured thereby.

"Touching the cash derived from sales, the answer discloses the same were applied to payment of the debts of the defendant corporation and the upkeep of its plant. Moreover, it is further disclosed that the judgment debtor was all the while and still is indebted to the garnishee upon its bonds and unpaid coupons thereon, as well as on open account, in sums many times greater than all the assets passing into its hands in the transactions complained of. Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355."

Both the written and oral answer of the garnishee deny any indebtedness. The detail of facts found in the oral answer does not overcome such denial. The established rule is that to overcome such denial "the particular facts stated must clearly and distinctly disclose the liability of the garnishee."

606

Jefferson County Savings Bank v. Nathan, supra. There is no pretense of liability except that based on the charge of fraud.

We are of the opinion that, viewed in its broadest aspect, the charge of fraud is unsustained. Indeed, in view of what was said on former appeal, the conclusion here may well have been rested on that opinion, which in substance and effect is decisive of this appeal. But, in view of the findings of the trial court as they here appear and the evident misconception as to the controlling principles in proceedings of this particular character, we have deemed some elaboration appropriate.

The judgment is laid in error and will be reversed, and one here rendered discharging the garnishee.

* Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.