181 So. 272

## THOMPSON v. HILL GROCERY CO.

### 6 Div. 326.

Supreme Court of Alabama.

May 12, 1938.

Barber & Barber, of Birmingham, for appellant.

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellee.

KNIGHT, Justice.

The appellant filed suit in the circuit court of Jefferson county against the D. L. Clark Company to recover damages in an action of tort. The defendant was a nonresident of the State of Alabama, and the plaintiff commenced its action by attachment, which was executed by summons to the appellee and others to answer as garnishees. This summons was served on appellee on December 15, 1937. By an order made in this cause, the garnishee was required to answer orally before the court on January 20, 1938.

On January 20, 1938, the said garnishee having failed to make answer as required by the summons, the court, on motion of plaintiff, entered a conditional judgment against it for the amount of $1,000, that being the amount claimed in plaintiff's suit against the defendant, and ordered that notice of this conditional judgment be given the defaulting garnishee as the law directs.

On January 26, 1938, the appellee, Hill Grocery Company, filed its motion to have the conditional judgment set aside, accompanying the same with written answer, in which it denied any and all indebtedness, or other liability, to the defendant. This answer on the part of the garnishee was made, sworn to, and filed by J. G. Major, secretary and agent of the Hill Grocery Company.

The plaintiff filed written objection to the answer and to the motion to set aside the conditional judgment, and thereupon, after the answer was amended, the court overruled plaintiff's objections, and set aside the conditional judgment, and ordered said garnishee to file proper written answer within ten days. This order setting aside the conditional judgment was entered on January 27, 1938.

On February 24, 1938, the court, ex mero motu, set aside its order of January 27, 1938, and ordered the appellee to appear on March 2, 1938, and show cause, if any it had, why the judgment nisi rendered on January 20, 1937, should not be made final, and the clerk of the court was ordered to issue notice of this last-stated order to the plaintiff and said garnishee.

The case was thereafter, by successive orders, continued to March 11, 1938, but at each stage of the proceedings the plaintiff objected, and on March 4, 1938, moved that the order of March 3d, requiring the garnishee to answer orally, be quashed, and that the conditional judgment be made absolute. Each of said motions were separate-

ly overruled by the court, and the plaintiff reserved separate exceptions.

On March 11, 1938, the plaintiff again objected to the garnishee making oral answer, and again moved for judgment absolute against it in favor of the plaintiff for $1,000. The court overruled plaintiff's objection, and motion to make said judgment absolute, and to which rulings plaintiff reserved separate exceptions.

It further appears from the record that on said day, March 11, 1938, in open court, the garnishee, by J. G. Major, its secretary, made oral answer to the writ of garnishment, denying indebtedness to the defendant, and further denying that the garnishee had ever had any transaction whatever with the defendant at any "time between the date of the service of the writ and the date of this hearing." The plaintiff not only did not contest this answer, but refused to participate in the examination of the garnishee's secretary. At the conclusion of the hearing on this oral answer of the garnishee, the court set aside the conditional judgment, and discharged the said garnishee. To this action of the court, the plaintiff excepted.

■ The foregoing statement of the facts presented by the record demonstrates that the court committed no reversible error either in setting aside the conditional judgment rendered on January 27, 1938, or in its order discharging the garnishee.

This was, as above pointed out, an attachment suit against a nonresident, and the appellee was summoned as garnishee, and as supposed debtor, of the defendant in attachment.

In such cases, where an attachment is executed by summoning a person indebted to the defendant, the summons must be to answer as garnishees are required to answer, and, upon return of an attachment so executed, proceedings may be had as in other cases of garnishment. Code, § 6189.

■ The garnishee having failed to make answer to the summons in garnishment within the time allowed for such answer, the court properly entered a conditional judgment against it.

Section 8075 of the Code provides that this conditional judgment must be made absolute against the garnishee, unless he appears within thirty days after notice duly served upon him. In this case the garnishee appeared within less than ten days, and moved the court to set aside the conditional

judgment, accompanying its motion with a full answer, denying indebtedness.

■ This court in the case of Talladega Mercantile Company v. McDonald et al., 97 Ala. 508, 12 So. 34, which involved a question similar to the one here presented, held (page 36) that a motion to set aside a conditional judgment against a garnishee, seasonably made, is addressed to the "sound, enlightened discretion of the court to which it is addressed, * * * [and] not revisable" —except, we take it, for abuse. No such abuse is here shown.

We, therefore, hold that the court committed no error in setting aside the conditional judgment entered against the garnishee, and permitting it to make answer to the garnishment summons. Henry v. McNamara, 114 Ala. 107, 22 So. 428; Shepherd Motor Co. v. Henderson Land & Lumber Co., 213 Ala. 195, 104 So. 334.

■ Nor was there error in discharging the garnishee on its oral answer. The plaintiff not only did not contest the answer, but refused to participate in the examination of the garnishee, when it appeared in obedience to the order of the court to make oral answer. This answer disclosed no indebtedness or liability whatever to the defendant. In such circumstances, the answer must be taken as true. Coosa Land Co. v. Stradford, 229 Ala. 602, 159 So. 86; Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355; Shepherd Motor Co. v. Henderson Land & Lumber Co., supra.

It, therefore, follows that the judgment of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.